Coats v. Swindle.

————o————

CLEMENT COATS, Respondent, *vs.* W. J. SWINDLE, Appellant.

| 55 | 31 |
| 132 | 629 |
| 55 | 31 |
| 78a | 368 |

1. *Promissory notes—Signature as surety—Proof as to—Request by surety to sue—Allegation as to.*—In suit upon a promissory note *Held:*
1st. That it was competent for defendant to show that he signed as surety;
2nd. That an averment in his answer that defendant had requested plaintiff to sue the maker was sufficient without the further allegation that the request was in writing;
3rd. That evidence, showing a verbal agreement between them, at the date of the note that plaintiff should promptly proceed to coerce payment, was incompetent.

*Appeal from Jasper Circuit Court.*

*Garrison & Allen,* for Appellant.

I. In the case at bar the respondent agreed to bring his action at once, and made some effort in that direction. This was sufficient to show that he waived a notice in writing.

II. Under our rules of pleading, we were not required to set out in the answer that the notice was in writing. It was a question of evidence whether the notice was in writing.

III. We have searched in vain to find any authority that would preclude us from proving a verbal agreement between the respondent and appellant. Surely the statute of frauds would not do so, because this contract was to be performed immediately.

IV. Respondent by agreeing to bring his action immediately and making some efforts in that direction, and then waiting over one year, leading the appellant to suppose that the note was paid by Reinmiller, is now equitably estopped from saying that the notice was not in writing. Courts of equity always enforce parol contracts and agreements where they have been accepted and acted upon by either party.

*W. H. Phelps*, for Respondent.

I. The notice to discharge surety must be in writing. (Sapington vs. Jeffries, 15 Mo., 628; Freligh vs. Ames, 31 Mo., 253; Wagn. Stat., § 1, p. 1302.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action against the defendant, and one Reinmiller on a promissory note. The defendant answered; and as matters of defense alleged that he signed the note as surety; that after the note became due, and more than thirty days before the institution of this suit, he requested the plaintiff to bring suit on the note; and he also stated that there was an agreement between the plaintiff and the defendant at the time the note was given that the former should proceed promptly to coerce the payment of the same.

At the trial the defendant offered to prove that he was only surety on the note and that, at a time more than thirty days before the action was brought, he notified the plaintiff in writing to bring his action on the note. The

court refused to permit the defendant to introduce any evidence, on the ground that the answer constituted no defense to the action, because it was not stated therein that the notice to sue was given in writing.

It has frequently been decided and the rule is settled that it is perfectly competent for a surety to show in what capacity or character he signed a note.

The answer averring that the defendant requested the plaintiff to sue was sufficient. It was not necessary to plead that the request was in writing, that was a matter to be shown by the evidence. The statute requires that the requisition should be in writing, but it is sufficient if the pleading alleges the fact of notice and then it must be shown by the evidence that the statute has been complied with.

The third defense set up in the answer was not admissible in evidence. It proposed to substitute verbal testimony where the law says written testimony is necessary. And in addition thereto any mere arrangement or understanding between the parties at the time the note was signed must be considered as merged in the written contract. But for the error in refusing to permit evidence to be given as to the defendant's being a surety, and giving the notice to sue in writing, the judgment must be reversed and the cause remanded.

The other judges concur.