STATE OF MISSOURI, Respondent, *vs.* PETER MEYERS, Appellant.

1. *Bail bond—Scire facias—Allegations of answer as to acceptance in writing of prisoner by sheriff—As to costs.*—In *scire facias* on a forfeited recognizance given for the forthcoming of a prisoner, where the answer alleges that prior to the taking of the forfeiture defendant had delivered the prisoner to the county sheriff, who accepted the surrender, that allegation is sufficient. It is unnecessary to allege anything as to the payment of costs. The statute (Wagn. Stat., 1093, § 39) refers to cases of surrender after forfeiture of the bond, but before final judgment. Nor need the answer allege that the acceptance of the prisoner was acknowledged by the sheriff in writing.

*Appeal from Jasper County Circuit Court.*

*W. H. Phelps,* for Appellant.

*Jno. A. Hockaday, Att'y Gen'l,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This cause comes here that we may determine the sufficiency of an answer, which in substance alleged that long before the judgment of forfeiture had been taken upon the recognizance, the defendant, as the surety of McGuire, had obtained a certified copy of such recognizance, which, together with the body of McGuire, he had delivered to the sheriff of Jasper county, who thereupon accepted the surrender thus made, and took, held and detained McGuire in his custody, by virtue of the copy of the recognizance. To these allegations of cause for setting aside the forfeiture as to the surety, the State successfully demurred, and the forfeiture was made absolute.

When a surety, prior to any default made by or a forfeiture taken against his principal, surrenders him to the sheriff under the circumstances as set forth in defendant's answer, he has done all that the law contemplates or requires in order to his discharge. "The payment of all costs," as mentioned in sec. 39, Wagn. Stat., 1093, is obviously both unnecessary and impossible, until costs accrue by reason of the forfeiture taken. The section referred to evidently has reference to cases where the bail surrenders his principal after forfeiture; but before final judgment. This, however, is not the case the record pre-

sents. There was no need, therefore, for the answer to contain any allegation respecting costs. Nor was it necessary to his discharge that the defendant should allege therein that the sheriff acknowledged in writing the acceptance of the principal. This acknowledgment it is clearly the duty of the sheriff to make when the surrender of the principal occurs; but it is equally clear, that after the bail has complied with the provisions of law on his part, he is entitled to be exonerated from further liability, and that the failure or refusal of the officer to do his duty in the premises, should not debar the surety from his discharge.

Again, our statute respecting pleadings (Wagn. Stat., 1017, § 18) only requires that "substantive facts necessary to constitute a cause of action or defense shall be stated." The "substantive facts" here were the surrender of the principal by the bail, and the acceptance of such surrender by the sheriff, so that even were it absolutely essential to the discharge of the bail that the acceptance should be in writing, still this would only be a matter of evidence to be adduced at the trial. (Coats vs. Swindle, 55 Mo., 31.)

For these reasons the answer of the defendant should have been held sufficient; and the judgment is accordingly reversed and the cause remanded. The other judges concur.