Johnson *v.* White.

---

JOHNSON *v.* White.

1. A contract for *two dollars and forty pounds of beef is not entire in its nature.*
2. On a contract to pay money and property, debt will be sustained for the amount of money.
3. An order for money and property is divisible.
4. The Court gave judgment without finding a verdict—held not erroneous.

ERROR from the Circuit Court of Howard county.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of debt, originally commenced before a Justice of the Peace. Judgment was rendered for Johnson, the plaintiff, and the cause was taken to the Cir- cuit Court by appeal. The defendant, White, had judgment. The cause is brought to this Court by Johnson, by writ of error. The summons is in debt, without say- ing whether the debt was due by note, bond, or otherwise ; and on the trial before the Circuit Court, the plaintiff gave in evidence an order drawn in favor of Johnson by White, on some third person, for two dollars, and also for 46 lbs. of beef. To the introduction of this paper the defendant objected, on the ground of variance, and also on the ground that the beef and the money formed one entire contract, and that

Johnson v. White.

debt would not lie for the beef, insisting, there was no proper evidence to sustain the plaintiff's action.

The Court rejected the order. The defendant had judgment.

The rejection of this order is assigned for error. The objections made by Messrs. Reynolds and Davis, counsel for the defendant in error, are against the admissibility (224) of the order, and that the contract is entire, and, that debt will not lie on a property note : and secondly, that this evidence amounts to a variance which is fatal. Mr. Wilson, in answer, contends that this contract is divisible, and not entire, and although the beef part of the order does vary from the summons in debt, yet the plaintiff may well recover.

The defendant's counsel, to support their position, have cited 1 Bibb. pp. 356, 487; 4 do. 359; 2 do. 616; 1 Marshal 435, and Hard. R. 510, in a note. These authorities have been examined by the Court, and are deemed to be insufficient to sustain the positions.

On the side of the plaintiff in error, we are referred to no authorities except 2 Marshal's R. 486, Thomas v. Thomas. We have also looked into the books on this subject and find that this contract is not entire in its nature. The case in 2 Marshal's R. goes the full length to support the plaintiff's case. That was a contract to pay the hire of a negro, and also to furnish clothes to the negro. An action of debt was brought for the hire, and held to be sustainable.

It is to be remarked that in this case the summons of the Justice is not founded on the order at all, nor need it be so founded as the law now stands. The order, therefore, could not vary from any previous allegation. Here there is no allegation other than that defendant owed two dollars. The proof is that he did owe the money and property also. This doctrine is supported by a case put in 2 Starkie's Evi. page 85, where it is said.: "It is no variance that the defendant promised other distinct matters in addition to that alledged, since the proof supports the declaration as far as is requisite. It is true that the defendant did promise that which is alledged, although he did promise some other thing in addition. Therefore a declaration on a contract to pay £52 10s. for rum money, is supported by proof of a note by which the defendant undertook to pay £52 10s. together with a pint of rum per day. So a promise to deliver a horse which should be worth £80 and be a young horse, is supported by proof of a promise to deliver a horse which should be worth £80 and be a young horse, with warranty that he had never been in harness. These authorities are sufficient.

The only remaining matter is, whether the order for money and beef is divisible. We think the beef is wholly independent of the money.

There was another point made, which was, that the Court found no verdict, but gave judgment without it. There is no error on this point. The judgment is reversed with costs, and the cause remanded for a new trial.

(225) Opinion of Tompkins, J.

White gave Johnson, the plaintiff, an order for two dollars and some beef. The order was not paid, and Johnson sued him in debt, as he well might do, for the money due him. The order was produced as a written acknowledgment that White owed him two dollars : and it is no objection to say that White owed more. Had the action of debt been founded on a note for money and beef, it would have been bad. But Johnson, resorting to what may be called the common count, had clearly a right

to sue for a part, and give either this order or a note for money and beef in evidence. to establish his demand.· I concur with the Court in the opinion that the judgment of the Circuit Court should be reversed.