### THE STATE v. MEYERS, *Appellant.*

1. **Eleven Jurors.** It is a fatal defect in the record if it shows that only eleven jurors were present when the verdict was received by the court.

2. **Embezzlement.** An indictment for embezzlement described the property embezzled as " certain United States five-twenty government bonds, which were valuable securities, of the value of $5,000." *Held,* a sufficiently particular description.

3. ———: AGENCY. An indictment for embezzlement charged that defendant was the agent of the person whose property was embezzled, and that he received it as agent. *Held,* sufficient. It is not necessary to set out in detail the nature and purposes of the agency. The proof, however, must establish an agency within the meaning of Wag. Stat., sec. 35, p. 458, and not an ordinary bailment.

4. **Pleading, Criminal:** LIMITATIONS. When the fact is that the offense for which an indictment is found was not committed within the time fixed by the statute of limitations as a bar, the better practice is to allege the true time in the indictment, and then set forth the facts which avoid the bar of the statute. But see *State v. English,* 2 Mo. 182.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

*Bray & Cravens* for appellant.

*J. L. Smith,* Attorney-General, for the State.

HOUGH, J.—In 1876 the defendant was indicted in the Jasper circuit court under the 35th section of article 2, chapter 42, Wag. Stat., for embezzling certain United States bonds, charged to have been received by him as agent of one Zumbro. On the application of the defendant a change of venue was awarded to Newton county, and at the February term, 1878, of the circuit court of that county, he was tried and convicted. It appears from the record that only eleven jurors were present when the verdict of the jury was received by the court. This is a fatal defect, and the judgment must, therefore, be reversed. *State v. Mansfield,* 41 Mo. 470.

It may be that all the jurors were really present, and

that the defect in the transcript is the result of a clerical mistake, and we incline to this opinion from the fact that several important omissions have evidently occurred in transcribing the indictment into the record. We are bound, however, to accept the transcript before us as complete and accurate. The loose and reckless manner in which records are frequently prepared for this court in criminal cases, particularly, is inexcusable. Want of attention and accuracy is this matter tends to defeat the enforcement of the criminal laws and to largely increase the criminal costs to be paid by the State, and devolves upon the attorney-general the labor which cannot always be reasonably performed, of verifying all the records in criminal cases which are brought to this court. Clerks and prosecuting attorneys should give their attention to this matter.

As the case must be retried, we will dispose of several points made by the defendant. It has been argued here 2, EMBEZZLEMENT. that the indictment is defective in that it does not sufficiently describe the bonds alleged to have been embezzled, and does not set forth the nature and purpose of the agency. The bonds were described as certain United States five-twenty Government bonds, which were valuable securities of the value of $5,000. A more particular description than this is not now required. Wag. Stat., §§ 28, 30, p. 1091.

Nor do we think it was necessary to set out in detail the nature and purpose of the agency. The agency of the 3. ——: agency. defendant, and the receipt of the bonds by him in his capacity as agent, are distinctly averred. The character in which he acted is not left to be inferred from facts stated, but is definitely fixed by direct averment, and must be proved as laid. The contract between the defendant and Zumbro, the owner of the bonds, need not be set out, but the contract, when proven, must establish an agency within the meaning of the section of the statute under which he was indicted, and not an ordinary bailment.

It appears from the record that the indictment was found more than three years after the commission of the **4. PLEADING, CRIM-** offense charged. The indictment alleged **INAL: limitations.** that the offense was committed within three years. The better practice in such cases is to allege the true time of the commission of the offense charged, and set forth the facts which avoid the bar of the statute of limitations as an excuse for not having preferred the indictment sooner; though it has been held that the offense may be alleged to have been committed within the time fixed by the statute, and that the facts which suspend the running of the statute may be proved at the trial. *State v. English*, 2 Mo. 182. For the error heretofore indicated, the judgment will be reversed and the cause remanded. All concur.

REVERSED.