# THE STATE v. FRANK E. COLVIN, Appellant.

### Division Two, July 16, 1920.

1. **LIMITATIONS: False Pretense.** A prosecution for obtaining money by false pretense is barred by the statute (Sec. 4945, R. S. 1909) "unless an indictment be found or an information be filed for such offense within three years after the commission of the offense" or unless some act on the part of the defendant prevents the running of the statute.

2. ———: ———: **Shown on Face of Indictment..** If the indictment pleads the day and year when the offense of obtaining money by false pretense was committed (as it should do), and the allegation shows that more than three years had elapsed between the time the offense was committed and the date on which the indictment was returned, the prosecution is barred, unless the indictment contains some averment of an act on the part of defendant that prevented the running of the Statute of Limitations; and the facts which avoid the bar of the statute must be pleaded.

3. ———: ———: ———: **Conviction.** A conviction of a defendant under an indictment charging the crime of obtaining money by false pretense, which shows on its face that the crime was committed more than three years before the indictment was returned, and which alleges no facts as an excuse for the delay in presenting the indictment, cannot stand.

Appeal from Jackson Criminal Court.—*Hon. Alonzo D. Burns*, Judge.

REVERSED AND REMANDED.

*Mord M. Bogie* for appellant.

(1) The indictment on which the defendant was tried, which was returned in May, 1918, does not charge the defendant with the same offense as the indictment which was returned in February, 1916, and which was dismissed so as to bring the new indictment within the

meaning of Sec. 4948, R. S. 1909, so as to prevent the running of the Statute of Limitations. King v. State, 151 Ala. 12; Greene v. State, 139 Ala. 157; Stafford v. State, 59 Ark. 413; Ross v. People, 162 Pac. (Colo.) 152. (2) To prevent the running of the Statute of Limitations, the same offense and the same offender must be charged in both indictments. 16 C. J. p. 232. (3) The defendant's motions to quash and in arrest of judgment should have been sustained because the indictment on its face showed that the alleged offense is charged to have been committed on the —— day of January, 1913, and that the first indictment was returned on February 6, 1916, more than three years after the alleged offense was committed, and the Statute of Limitations had already run against the offense. State v. Snyder, 182 Mo. 462; State v. McGrath, 19 Mo. 680; State v. Moore, 203 Mo. 628; Owens v. State, 119 Ga. 305; Hutchison v. State, 62 Ind. 556; State v. Ball, 30 W. Va. 386; People v. Young, 288 Ill. App. 210; People v. Weiss, 168 Ill. App. 502; People v. Jackson, 178 Ill. App. 355; 22 Cyc. 314, 316; Garrison v. People, 87 Ill. 96; Dreyer v. People, 176 Ill. 590; Lamkin v. People, 94 Ill. 501; Murphy v. State, 106 Ind. 96; State v. O'Donnell, 81 Me. 271; State v. Shaw, 113 Tenn. 536; State v. Bruce, 26 W. Va. 153.

*Frank W. McAllister*, Attorney-General, and *Henry B. Hunt*, Assistant Attorney-General, for respondent.

(1) The offense charged was not barred by the three-year Statute of Limitation. Secs. 4945, 4948, 5115, 5114, R. S. 1909; State v. Duclos, 35 Mo. 238; State v. Hansbrough, 181 Mo. 351; State ex rel. v. Primm, 61 Mo. 171; State v. Healy, 50 Mo. App. 246; State v. Nicholas, 149 Mo. App. 123; People v. Buckner, 3 A. L. R. (Ill.) 1330, note; 12 Cyc. 258; 16 C. J. 232, sec. 358. (2) Indictment does not show bar of statute. The indictment does not show on its face, that it was barred by

the three-year Statute of Limitation. Time not being of the essence of this offense, it was proper to allege that the offense was committed on the ——day of January, 1913, and that the first indictment was returned on February 8, 1916. Secs. 5115, 4945, R. S. 1909; State v. Moore, 203 Mo. 626; State v. McGrath, 19 Mo. 680.

MOZLEY, C.—The defendant was indicted in the Criminal Court of Jackson County on the 18th day of February, 1916, upon a charge of having obtained money from one William Reed by false pretense; this indictment was nollied by the State on the 17th day of May, 1918.

At the April term of said court, 1918, the grand jury returned another indictment against defendant and after reciting therein the filing of the first indictment, proceeds as follows: "And the grand jurors, aforesaid, upon their oath aforesaid, further present and charge that said Francis E. Colvin, whose Christian name in full is to these grand jurors unknown, late of the county aforesaid, on the —— day of January, 1913, contriving, designing and intending to cheat and defraud the said William M. Reed of his money and personal property, did then and there unlawfully, feloniously, and designedly with the felonious intent then and there to cheat and defraud him, the said William M. Reed, apply to and request the said William M. Reed to trade, sell, transfer and deliver to him, the said Francis E. Colvin, a certain first-mortgage real-estate note, dated August 20, 1912, and signed by Ida B. Wilson, and being of the value of twelve hundred and fifty dollars, the personal property of William M. Reed (a more detailed description of said note being to these grand jurors unknown), for and in exchange of a certain first mortgage real-estate bond-note of the purported value of fifteen hundred dollars, which said last named note, he, the said Francis E. Colvin, then and there had in his possession and under his control, claiming to be the holder and

legal owner thereof and then and there had a lawful right and authority to negotiate said note and pass the title thereto to the said William M. Reed." The indictment then proceeds to a conclusion.

I.  "No person shall be tried, prosecuted or punished for any felony, other than as specified in the next preceding section, [which relates to capital and life imprisonment cases], unless an indictment be found or information be filed for such offense within three years after the commission of such offense, except indictments or informations for bribery or for corruption in office may be prosecuted if found or filed within five years after the commission of the offense." [Section 4945, R. S. 1909.]

Limitations.

The three-years limitation in said section is the one having application to the case in hand.

If the crime was committed on the — day of January, 1913, as alleged in the second indictment, and the first indictment was returned the 8th day of February, 1916, as alleged therein, then it is plain that from the date of the commission of the crime to the filing of said information three years, one month and seven days had elapsed before the first indictment was found.

II.  The indictment upon which defendant was tried and convicted is bad because it shows on its face that more than three years had elapsed since the date of the commission of the crime and before the defendant was indicted.

Pleading.

Time may not be of the essence of the offense, as is true in many cases, but when the month and year when the crime was committed is pleaded in the indictment it is certainly sufficient to mark the date when the Statute of Limitation began to run, which is from the date of the commission of the crime, unless some act upon the part of defendant interdicts its progress.

The indictment contains no averment of fact or facts which gives the State any plausible or legal reason why the filing of the indictment was so long delayed.

Offenses of the kind here charged, as above pointed out, are barred in three years. And it is held by this court that the Statute of Limitations should be liberally construed in favor of the accused. [State v. Snyder, 182 Mo. 462.] The State must plead and prove the exceptions necessary to remove the bar of the Statute of Limitations. [State v. Snyder, supra; State v. Meyers, 68 Mo. 266; State v. Hopper, 21 Mo. App. 510; Wharton's Cr. P. and P. (9 Ed.) sec. 318; Blackman v. Commonwealth, 124 Pa. St. 578.] .

In the Meyers case, supra, l. c. 268, the court said: "The better practice in such cases is to allege the true time of the commission of the offense charged, and set forth the facts which avoid the bar of the Statutes of Limitations as an excuse for not having preferred the indictment sooner."

In the Snyder case, supra, at page 498, it is held as follows: "On the other hand it has been ruled in many states that the prosecutor should allege the true date of the commission of the offense, and then set forth the facts which avoid the bar of the Statute of Limitations as an excuse for not having preferred the indictment sooner, and this was announced by this court as the better rule in State v. Meyers, 68 Mo. 266, and by the Supreme Court of Pennsylvania in Blackman v. Com., 124 Pa. St. 578; Wharton's Cr. Pl. and Pr. (9 Ed.) sec. 318 and cases cited in note 2. Accepting, then, the law as ruled in State v. Meyers, 68 Mo. 266, the circuit attorney should have pleaded the exceptions which were necessary to remove the bar of the Statute of Limitation."

The other authorities cited above announce the same rule.

III. The view we take of the case renders unnecessary a discussion of the other points raised.

In the light of the foregoing authorities we are compelled, to hold that "the indictment is bad in that it fails to set forth the fact or facts therein which avoid

the bar of the Statute of Limitations as an excuse for not having preferred the indictment sooner."

We, therefore, reverse and remand the case to the end that the prosecuting attorney may, if he is so advised, again present the facts of the case to a grand jury where if they see fit another indictment may be returned against defendant. It is so ordered. *White, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur, except *Williamson, J.,* not sitting.