## EX PARTE MARY H. KNIGHT, Petitioner, v. JOHN L. MILES and M. M. LANE.

In Banc, May 29, 1925.

1. **HABEAS CORPUS: Pleadings.** In a *habeas corpus* proceeding the issues are framed upon the return and denial, without reference to the petition for the writ.

2. ————: **Prosecution for Forgery: Limitations: Absence from State.** A prosecution for the felony of forgery must be begun by the return of an indictment or the filing of an information within three years after the commission of the offense; but notwithstanding the warrant under which the accused was arrested recites a crime committed more than three years before the warrant was issued, and the complaint does not state that he has been a fugitive from justice and not an inhabitant or usual resident of this State, if the return charges that he has been a fugitive from justice and such facts are presented as indicate that his absence from the State has prevented the Statute of Limitations from operating as a bar to the prosecution, and the State announces its purpose to amend the

complaint so as to bring the charge within the exceptions of the statute, the Supreme Court will not try the issue whether his absence from the State has been such as to toll the statute and prevents its operation as a bar to the prosecution, but will leave the trial of the issue of limitations with the proper trial court.

*Held,* by WALKER, J., that it is not within the province of a court in considering a writ of *habeas corpus* to discuss and direct the course of procedure in regard to an information not before the court or to suggest that it be so amended as to avoid the Statute of Limitations as a bar to further prosecution.

3. ———: **Arrest: On Justice's Warrant in Another County: Waiver.** The sheriff has no legal authority to arrest and hold an accused in another county upon a warrant issued by a justice of the peace of his own county, unless the warrant is either first indorsed by a justice of the county in which the arrest is made or there is attached to it a certificate of the circuit clerk of the county in which the warrant was issued; and if the accused did not waive arrest under the illegal warrant, and indeed had no opportunity to waive it, he is entitled to his discharge.

4. ———: **Commitment before Arrest.** A commitment of an accused before his arrest, either by the justice of the peace or by the judge of the circuit court, for safekeeping, is illegal, intolerable, and does not cure the invalidity of his arrest in another county by the sheriff upon an unindorsed and uncertified warrant issued by a justice of the peace, and his subsequent incarceration and detention upon such illegal warrant and illegal commitment are equally illegal, and he is entitled to be discharged under such commitment, subject to be arrested, however, upon the issuance of a valid warrant properly issued and legally served, and then committed or bailed.

Citations to Headnotes: Headnote 1: Habeas Corpus, 29 C. J. secs. 187, 188. Headnote 2: Habeas Corpus, 29 C. J. secs. 34, 188. Headnote 3: Habeas Corpus, 29 C. J. sec. 53: Headnote 4: Habeas Corpus, 29 C. J. sec. 53.

## *Habeas Corpus.*

WRIT AWARDED.

*W. C. Irwin, George Reinhart* and *Frank Ruder* for petitioner.

DAVID E. BLAIR, J.—The petition in this case was filed January 23, 1925. After rejection by the court of a former opinion, the case has been assigned to the writer.

Petitioner is the mother of Harry Knight. To avoid confusion, the latter will be referred to as "defendant." Our writ issued January 30, 1925. Production of the body of defendant was waived. Both respondents have filed their returns. Respondent Lane filed an amended and supplemental return on February 9, 1925. A denial (denominated as "answer") to such amended return has been filed. No denials to the original return of Respondent Lane or to the return of Respondent Miles were filed.

In a *habeas corpus* case the issues are framed upon the return and denial, without reference to the petition for the writ. [In re Breck, 252 Mo. l. c. 319; Ex parte Bryan, 76 Mo. l. c. 254; Ex parte Durbin, 102 Mo. l. c. 104; In re Tartar, 278 Mo. l. c. 365.]

The original return of Respondent Lane, who is now Sheriff of Johnson County, alleged that defendant is detained by virtue of a warrant and commitment issued by a justice of the peace of Madison Township, Johnson County, charging him with a felony, and that he is confined in the jail at Kansas City, Missouri, for safekeeping, under an order of Honorable Ewing Cockrell, Judge of the Circuit Court of Johnson County, for the reason that the jail of Johnson County is not in a safe condition to hold said defendant.

Said respondent attached to his return a copy of said warrant, issued December 27, 1924, to the sheriff or any constable of Johnson County, together with the return of the sheriff thereon. In substance, said warrant recited that complaint had been made before the issuing justice charging defendant with forgery of a note and uttering thereof. It commanded such officer to arrest defendant and safely keep him so as to have him before the issuing justice to answer said complaint. The return reads, "I hereby certify that I executed the with-

in writ in the County of Cole on the 30th day of Dec. 1924, by arresting the within named Harry Knight." Said return was signed by Ed Duncan as sheriff.

Respondent Lane also attached to his return a copy of the commitment issued by the justice of the peace, which recited the arrest of defendant for forgery and obtaining money under false pretenses and the defendant was brought before said justice for examination and that defendant failed to enter into recognizance for his appearance at the preliminary examination. It was therefore ordered that the defendant be committed to the county jail for further examination. The jailer was commanded to receive him into his custody in said jail, there to remain until discharged according to law.

The amended or supplemental return of said respondent was evidently filed to meet an allegation made in the petition for the writ, and argued here orally, that the prosecution of defendant was barred because more than three years had elapsed, after the alleged commission of the offense charged against him, and no indictment or information had been filed against him. Said amended return alleged that defendant had been a fugitive from justice and not an inhabitant of or usual resident within this State for more than a year and a half since the commission of the alleged offense. Said amended return set forth the information upon which defendant's absence from the·State was based, and to said return two letters were attached.

The return of the Sheriff of Jackson County, Respondent Miles, merely set out a copy of the ˙application of Ed Duncan, Sheriff of Johnson County, for an order of the judge of the circuit court directing him to remove defendant to the Jackson County jail, and the approval and direction of the circuit judge to that effect, and that said respondent was holding defendant in his custody by virtue thereof.

On February 16, 1925, an instrument, called an "Answer to the Supplemental Writ made by M. N. Lane, Sheriff," was filed by Harry Knight and not by peti-

tioner. We make no point on these considerations, however, and will treat said instrument as the denial of petitioner to the return of Respondent Lane. Said "answers" denied that defendant was at any time a nonresident of Missouri and alleged that he was a permanent resident of this State and that his absence therefrom, if any, was only temporary.

It was then alleged that defendant was previously arrested on said charge on August 3, 1923, and gave bond and was permitted to go at large thereunder, in custody of his bondsmen; that no written complaint of any kind or character has ever been filed charging defendant with the commission of an offense against the laws of Missouri.

I. Prosecution for the felony of forgery must be commenced by the finding of an indictment or the filing

Limitations. of an information within three years after the commission of such offense. [Sec. 3737, R. S. 1919; State v. McNeal, 262 S. W. (Mo.) 1025, l. c. 1027.] Where the indictment is not found nor the information filed within such three-year period, the State must allege and prove the exceptions which prevent the running of the statute. [Secs. 3739 and 3740, R. S. 1919; State v. Snyder, 182 Mo. l. c. 498; State v. Meyers, 68 Mo. l. c. 268.]

To the original return of Respondent Lane was attached a copy of the warrant which recited that the complaint charged the commission of the offense as of January 28, 1921. That being true and none of the exceptions preventing the running of the Statute of Limitations, defendant could not have been prosecuted upon said charge upon the date of his arrest and subsequent commitment to jail. It does not appear either that the complaint did or did not plead any of the exceptions specified in said Sections 3739 and 3740. Such complaint is not before us. But even if it did not allege such exceptions, no reasons appear why such complaint cannot yet be amended so as to make such allegations. If de-

fendant is bound over to the circuit court, the prosecuting attorney may allege in his information the facts relied upon to avoid the Statute of Limitations. In his amended return, Respondent Lane states that he is informed that the Prosecuting Attorney of Johnson County proposes to file an amended complaint alleging the facts which are relied upon to avoid the Statute of Limitations. In oral argument here said prosecuting attorney made the same statement. We are justified in assuming that such course will be pursued.

In the justice of the peace court in the first instance and finally in the circuit court, are found the appropriate forums to determine such issue of fact. Even assuming that this court might try such issues in an appropriate proceeding on proper pleadings and proof, a matter which we do not decide, we think the announced purpose of the prosecuting attorney to amend his complaint in the justice court, with the tender here of letters tending to show that defendant lived in Oklahoma for a year or more and in Kansas for several months prior to June, 1923, tend to establish the good faith of the claim that defendant was outside of the State of Missouri for such a length of time and that the Statute of Limitations has not barred the prosecution. Such issue should be tried in the justice of the peace and circuit courts and not here. No evidence has been presented to us on this issue of fact, except the letters referred to. Under such circumstances, it is our clear duty to require the trial of that issue in the usual and orderly course in the justice of the peace and circuit courts, regardless of whatever powers in the premises we may possess. We, therefore, rule the point against petitioner.

II. The only other point we will consider is the effect of the warrant under which defendant was arrested, the commitment issued by the justice of the peace of Johnson County and the order of the Judge of the Johnson County Circuit Court approving the transfer of defendant to the jail of Jackson County.

Arrest.

This question is not properly raised by the denial, but, as those instruments have been copied into and made a part of the returns in the case, whatever want of right of respondents to hold defendant there is, appears upon the face of the return and it is our duty to notice the same.

The warrant under which defendant was arrested was issued December 27, 1924, by a justice of the peace of Johnson County. A copy of such warrant with the sheriff's return thereto, is attached to the return of Respondent Lane. It does not show that a magistrate of Cole County endorsed it or that any certificate of the clerk of Johnson County was attached to it. Yet, said warrant was executed in Cole County by the Sheriff of Johnson County on December 30, 1924. Said sheriff had no legal authority to arrest and hold defendant under such warrant. [Sec. 3815, R. S. 1919; Stubbs v. Mulholland, 168 Mo. 1. c. 86, where a warrant under such circumstances was likened to a "piece of blank paper."] But, if defendant had willingly yielded himself to arrest under such invalid warrant, was taken before the justice of the peace and there without objection had yielded himself to the jurisdiction of that court and was thereafter committed to jail in due and orderly course, we would be required to consider if defendant had not waived his right to complain of his arrest under such invalid warrant.

The commitment, under which Respondent Lane claims defendant came into his custody, is also attached to the return. It is astonishing to discover that said commitment purports to have been issued December 27, 1924, *which was three days before defendant was arrested*. We would be inclined to give the magistrate the benefit of the doubt, under the presumption that public officers do their duty, and to assume that the date of the commitment was a clerical error, because of the recital therein that defendant had been arrested and brought before the justice of the peace and that an adjournment

of the hearing had occurred, were it nor for other considerations now to be noticed.

The date to which the adjournment of the preliminary hearing was stated to have been taken was left blank in said commitment and the amount of the bond fixed was left blank. Thus it is suggested that the commitment was in fact issued *before defendant was arrested.* That this was actually the case is further shown by the return of Respondent Miles, wherein is incorporated a copy of the application of Ed Duncan, sheriff, and an order of the Judge of the Circuit Court of Johnson County approving and directing the removal of defendant to the Jackson County jail. This order was signed on December 29, 1924, or *one day before defendant was arrested.* We are fully satisfied, from this undisputed and unexplained situation, that the commitment of the justice of the peace was actually issued before defendant was arrested and brought before said court, if he ever was brought there, and that defendant did not have an opportunity to and did not yield himself to the jurisdiction of the justice of the peace court and, therefore, did not waive, and indeed had no opportunity to waive, anything.

Sections 3818, 3819, 3820 and 3821 only contemplate commitment of a prisoner by a justice of the peace *after* he is brought before such justice of the peace. The issuance of a commitment before such person is arrested and brought before the justice of the peace is not authorized, should not be tolerated and is an absolute nullity. Therefore, the commitment issued in this case could not possibly cure the invalidity of the sheriff's act in making the arrest of defendant under an invalid warrant. Nor does the order of the Judge of the Circuit Court of Jackson County, approving the removal of defendant to the Jackson County jail, before he was even arrested, cure such invalidity.

III. There are other questions properly raised by the denial which it is unnecessary to consider, and other

matters, sought to be raised in the petition, which are not properly before us, as above pointed out.

Our conclusion is that the arrest of defendant in Cole County by the Sheriff of Johnson County under the warrant of a Johnson County justice of the peace, which was not endorsed in compliance with Section 3815, was wholly illegal; that no subsequent proceedings have cured the illegality of defendant's arrest and that his subsequent incarceration and detention are equally illegal; that, before defendant can be brought to trial in Johnson County upon the criminal charge made against him there, he must be arrested and brought before said justice of the peace in the manner authorized by law; that the present confinement of defendant in the jail of Jackson County is illegal; that Respondent Lane has no authority to return defendant to Johnson County and there confine him under said invalid warrant and alleged commitment.

It is therefore ordered that defendant be discharged from his present custody. *Graves, C. J., White, Ragland* and *Atwood, JJ.,* concur; *Walker, J.,* concurs in separate opinion. *Woodson, J.,* absent.

WALKER, J. (concurring).—I concur in the result reached by my learned brother in holding that the prisoner should be discharged. There was a complete defect in the proceedings. This authorized the discharge of the prisoner. I do not understand, either under the common law or as modified by the statute, that it is within the province of a court to which application for *habeas corpus* is addressed, to discuss and direct the course of procedure in regard to an information not before the court, and to suggest what a prosecuting attorney may or may not allege in amending such information to avoid the Statute of Limitations. With this we have no concern and I make these suggestions, not to challenge the correctness of my brother's conclusion, but to point out an irrelevancy to which I do not yield my assent.