**STATE of Missouri, Appellant,**

v.

**Irvin W. WEILER, Respondent.**

No. 47998.

Supreme Court of Missouri,

Division No. 1.

Oct. 10, 1960.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for appellant.

Edgar J. Keating, Robert B. Vaughan, Kansas City, for respondent.

COIL, Commissioner.

The State of Missouri has appealed from the trial court's order adjudging a substitute information insufficient. Supreme Court Rule 28.04, V.A.M.R.

On September 11, 1959, a grand jury returned and presented the following indictment: "The Grand Jurors for the State of Missouri, duly summoned from the body of said County of Jackson, being duly impaneled, sworn and charged to inquire within and for said County, upon their oaths present and charge that at the County of Jackson and State of Missouri, on or about the 14th day of December, 1953, Irvin W. Weiler, whose more and true name is unknown to the members of the Grand Jury, did then and there unlawfully, knowingly, intentionally and feloniously, with intent to cheat and defraud, obtain from Consolidated Distributing Company, a corporation, certain money, to-wit: Twenty-eight Thousand (28,000.00) Dollars, by means of false and fraudulent representation and that such false and fraudulent representation were not discovered until on or about August 3, 1959, against the peace and dignity of the State."

On September 21, 1959, defendant filed his motion to dismiss the indictment for various specified reasons. On October 8, 1959, while that motion was pending, the prosecuting attorney filed the following substitute information:

"Now comes Carrol C. Kennett Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that Irvin W. Weiler whose Christian name in full is unknown to said Assistant Prosecuting Attorney, late of the county aforesaid, on the 14th day of December, 1959, at the County of Jackson, State of Missouri, was a stockholder, officer, director and employee of Consolidated Distributing Company, a corporation, and that on said date the said Irvin W. Weiler was also the sole owner of all of the capitol stock of G. & S. Distributing Company, a Corporation, which fact was concealed by the said Irvin W. Weiler and unknown to the other stockholders, officers, directors and employees of said Consolidated Distributing Company; and that prior to said date G. &

S. Distributing Company became indebted to said Consolidated Distributing Company in the sum of $28,000.00, and on said date the said G. & S. Distributing Company was financially solvent and able to discharge its financial obligations; that on said date the said Irvin W. Weiler did then and there unlawfully, knowingly, intentionally and feloniously, with intent to cheat and defraud, falsely and fraudulently represented to said Consolidated Distributing Company that said G. & S. Distributing Company was unable to pay its obligations and that the said $28,000.00 indebtedness was uncollectible; that the said Irvin W. Weiler in his capacity as officer and employee of said Consolidated Distributing Company caused the said false and fraudulent representations to be entered upon the books and records of said Consolidated Distributing Company; that Consolidated Distributing Company, its other officers, directors, stockholders and employees believed said false and fraudulent representations and relying thereon approved said record entries, and further believing said false and fraudulent representations and relying thereon made no effort to collect the said $28,000.00. Whereby and by the said means the said Irvin W. Weiler as sole owner of the capitol stock of said G. & S. Distributing Company obtained the said $28,000.00 from the said Consolidated Distributing Company, and that such false and fraudulent representation and the fact that said Irvin W. Weiler was sole owner of the capitol stock of said G. & S. Distributing Company on said date were not discovered until on or about August 3, 1959, against the peace and dignity of the State."

Defendant's motion to dismiss the substitute information was sustained by the court on December 3, 1959.

It is the contention of the state that the substitute information, construed in conjunction with the indictment which it replaced, properly charged a violation by defendant of Section 561.450 RSMo 1949, V.A.M.S. That section proscribed the

obtaining of money, property, or valuable thing by means or use of a trick or deception, or false and fraudulent representation, or statement or pretense, or by any other means or instrument or device, provided that the commission of any one or more of such acts or the use of any one or more of such methods constituted what is commonly called the "confidence game."

Defendant-respondent seeks to uphold the action of the trial court for a number of reasons, the first of which is that the substitute information showed upon its face that it had been filed more than three years after the commission of the offense, if any, alleged and that any trial or prosecution for the felony sought to be charged was barred by Section 541.200 RSMo 1949, V.A.M.S. We are of the opinion that the contention must be sustained for the reasons which follow.

■ Section 541.200, supra is: "No person shall be tried, prosecuted or punished for any felony, other than as specified in section 541.190 [capital offenses], unless an indictment be found or information be filed for such offense within three years after the commission of such offense, except indictment or informations for bribery or for corruption in office may be prosecuted if found or filed within five years after the commission of the offense." (Bracketed insert ours.) As noted, the offense which the state contends it stated in the indictment and substitute information was a violation of Section 561.450, supra, which is a noncapital felony and thus within the compass of the 3-year limitation provision appearing in Section 541.200 above.

Sections 541.220 and 541.230 RSMo 1949, V.A.M.S., set forth the only exceptions to the limitations provisions of Section 541.-200. Section 541.220 first makes the limitation ineffective as to those who flee from justice and then provides that the time when a defendant shall not have been an inhabitant of or usually resident within this state shall not constitute any part of the limitations period; and Section 541.230 provides that the limitations period shall not include the time when an indictment, subsequently quashed, was pending.

■ The substitute information reasonably construed, particularly in the light of the indictment which it replaced, shows on its face that the state affirmatively charged that the false representations allegedly made by defendant and allegedly relied upon by the Consolidated Distributing Company were made on December 14, 1953, and that on that same date defendant allegedly obtained (assuming that there is any allegation that he did so obtain) "a valuable thing." (The substitute information alleged that the offense took place on December 14, *1959*. The parties agree that the "1959" date was a typographical error, and that the date was intended to be stated as December 14, *1953*, the same date charged in the indictment.) While the offense was not complete until someone parted with money or property or a thing of value by reason of a false representation or trick or device, State v. Gerhardt, 248 Mo. 535, 154 S.W. 722, 725 [3], it seems to us that the substitute information, considered in the light of the original indictment, charges that the offense, if any, was complete on December 14, 1953.

As heretofore noted, the indictment was not filed until September 11, 1959, almost six years after the offense allegedly occurred. Consequently the offense attempted to be charged could not be tried or prosecuted by reason of Section 541.200 unless the limitations provision was suspended or its running tolled for a sufficient portion of the intervening six years because of one or more of the exceptions contained in either Section 541.220 or Section 541.230. Knight v. Miles, 308 Mo. 538, 272 S.W. 922, 924 [2, 3]; State v. Colvin, 284 Mo. 195, 223 S.W. 585; State v. Bithorn, Mo., 278 S.W. 685, 686 [4].

■ It has been held upon the authority of State v. Meyers, 68 Mo. 266, and State v. Snyder, 182 Mo. 462, 82 S.W. 12, 19, that the "state must plead and prove the exceptions necessary to remove the bar of the statute of limitations." State v. Colvin, supra, 223 S.W. 586 [3]; Knight v. Miles, supra; State v. Bithorn, supra, 278 S.W. 686 [2, 3]. It has been observed however, that perhaps the above rule has been too broadly stated and should apply only "where the circumstances relied on to toll the statute are extraneous facts, such as flight or absence from the jurisdiction, etc.," and that "where the facts are matters of record proper in the same case, such as the quashal of a former information or the entering of a nolles prosequi, and the filing of a new information voluntarily or otherwise," the aforestated rule should not apply. Tucker v. Kaiser, Mo., 176 S.W.2d 622, 626. Furthermore, in State v. Bithorn, supra, 278 S.W. 686 [2, 3] [4], while the court approved the rule first above stated and applied it there, it nevertheless remanded the case so that the state might have an opportunity to file an amended information for the reason that the record of the trial on the merits indicated some evidence that the defendant had been a resident of another state during part of the intervening period.

Whatever may be the exact rule as to the necessity for the state to plead and prove exceptions to the bar of the statute of limitations where the exact date of an offense is alleged which shows that the prosecution is otherwise barred by limitations, it is clear that in the present case no circumstance is present which should cause any variation in the application of the general rule. In the first place, the record shows that while there was an indictment pending for a time, it was not presented or filed until the expiration of almost six years after the date of the alleged offense. Consequently, there is no question here of whether the pendency of the indictment eliminated the bar of the statute as suggested in Tucker v. Kaiser, supra. Furthermore, no circumstance such as or similar to that suggested in State v. Bithorn, supra, is present, but, on the contrary, the state in this case not only failed to plead any exception necessary to remove the bar of the statute of limitations, but it was affirmatively alleged both in the indictment and in the substitute information that the false and fraudulent representations were not discovered until August 3, 1959; thus presumably the state affirmatively set forth the only reason for the delay in the return of the indictment and the filing of the substitute information, a reason not constituting one of the exceptions provided in either Section 541.220 or Section 541.230, supra. Under those circumstances we find no reasonable basis for holding that the prosecution and trial were not barred by the 3-year statute of limitations; and no reason for a contrary view has been suggested by the state in its brief or reply brief.

Because of the indicated disposition of this case, we find it unnecessary to rule defendant-respondent's motion to dismiss the appeal.

The judgment dismissing the substitute information is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL C., is adopted as the opinion of the court.

All concur.