HUNT, Appellant, v. JOHNSTON AND OTHERS, Respondents.

1. A breach of a voluntary promise, made to a party defendant to a suit, to continue the cause until the next term of the court, by taking judgment against such defendant immediately and issuing execution, and seizing his property, it not appearing that he was thereby deprived of any defence to the action, or that he had any defence, will not give to such defendant a cause of action.

*Appeal from Jefferson Circuit Court.*

The facts stated in the petition, a demurrer to which was sustained, sufficiently appear in the opinion.

*Beal* and *Perryman*, for appellant, cited Brightley's R. 36·; 15 New Hamp. 396 ; 6 Watts, 306.

*M. Frissell*, for himself and other respondents, cited Hunt v. Simonds, 19 Mo. 583.

LEONARD, Judge, delivered the opinion of the court.

The substance of the allegations in this petition are that the plaintiff and Johnston were indebted to Casey, who had sued them in the Washington Circuit Court, and that at the return term of the writ, Frissell, who was counsel for both Casey and Johnston, together with Johnston and his counsel Pipkin, promised him that the cause should be continued until the succeeding term, and afterwards, in his absence, took a judgment against him at the same term, and sued out execution thereon to a distant county, and that he was thereby put to great trouble and expense in procuring money to pay the debt and save his property from execution.  It is not alleged that the plaintiff was deprived of any defence he had to the suit, or indeed that he had any defence to make, nor but that it was a just judgment against him ; but the ground of complaint is, that these defendants voluntarily promised him another term's delay in the collection of the debt, and afterwards violated their promise, by which he was deprived of the advantage he would have enjoyed had they kept their word.

We have nothing to do with the *moral propriety* of the defendant's conduct, but certainly these facts do not subject them to any *legal* liability to the plaintiff.  The petition, it is true, charges that the defendants conspired together to injure him, and did the acts complained of to carry out their evil design. The gist of the action however is, not the conspiracy, for that need not be proved, but *the alleged unlawful acts done* pursuant to it, and the damage that resulted therefrom to the

plaintiff. (Hunt v. Simonds, 19 Mo. 588.) The parties were under no *legal* obligation, no matter what *moral* restraints they may have imposed upon themselves to refrain from taking the judgment at the first term, according to law, and the present plaintiff was not thereby deprived of any *legal right*, or subjected to any damage for which he can demand redress in a court of justice. The judgment must be affirmed.