THE STATE OF MISSOURI, Defendant in Error, *vs.* A. M. WHIT-
SELL, H. WHITTINGTON AND WM. HARSELL Plaintiffs in
Error.

1. *Practice, civil—Scire facias—Continuance of cause—May be set aside, when.—*
Where suit on a recognizance is continued to the next term, and defend-
ant is informed that he may depart in conformity thereto, it is manifest
error to set aside the continuance and try the case at the same term ; and an
answer in such case setting up the continuance and attendant circumstances
is a good defense.

While a court has the undoubted right to set aside an order continuing a
cause, yet this never should be done in a manner to operate as a surprise upon
the other party ; and never without the existence of the most urgent reasons
for vacating such order.

*Error to Clinton Circuit Court.*

*Ingles & Ramey*, for Plaintiffs in Error.

*T. A. Young*, for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

A. M. Whitsell was indicted for selling liquor without li-
cense, and upon being arrested, entered into recognizance
with Whittington and Harsell as sureties for his appearance at
the April Term, 1871. At that term on the application of Whit-
sell, the cause was continued until the next term, and the de-
fendant was informed by the court that he might depart in
conformity to such continuance. At the same term however, at
which the cause was continued and at a subsequent day there-
of, without any notice to the defendant, and without setting
aside the continuance granted, the cause was called for trial
and defendant not appearing, a forfeiture was taken against
him and his sureties, and a *scire facias* ordered to issue.

At that term to which that writ was made returnable,
judgment by default was rendered against defendants, which
was virtually set aside by defendants being permitted to file
an answer alleging the continuance of the cause and the at-
tendant circumstances as heretofore stated, as a defense to the
allegations of the writ.

The court, on the ground that nothing in bar of the action

was alleged in the answer, treated it as a nullity, and rendered judgment as though no answer had been filed, and in this it clearly erred, as the matter set up in the answer unquestionably showed that no breach of the conditions of the recognizance had occurred. While a court has the undoubted right to set aside an order continuing a cause, yet this should never be done in a manner to operate as a surprise upon the party who has been permitted to depart, and never without the existence of the most cogent reasons for vacating such order.

Judgment reversed and cause remanded, Judge Vories did not sit; the other judges concur.