THE STATE, *Appellant*, v. LIVINGSTON *et al.*

Division Two, November 9, 1893.

1. **Criminal Practice**: RECOGNIZANCE: SURETIES. The sureties on a recognizance for the appearance of a defendant in a criminal case are not relieved from liability by the insufficiency of the indictment.

2. ———: ———: ———. Nor are they so relieved by reason of a variance as to the description of the offense, between the indictment and the *scire facias* issued against the sureties on the failure of the defendant to appear.

*Appeal from Texas Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*R. F. Walker*, Attorney General, for the state.

(1) The court committed error in sustaining the demurrer of the defendants, Livingston and Livesay. Even though the indictment was fatally defective, yet this could not serve to discharge or relieve the sureties. The obligation was not alone to answer the indictment, but also not to "depart the court without leave first had and obtained." *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359; Bishop on Criminal Procedure [3 Ed.], p. 20, sec. 264k, p. 169. (2) Nor was there material variance between the language of the indictment and that of the recognizance. Even though there had been, it could not relieve the sureties, who entered into an obligation, the condition of which was, that the principal shall not "depart the court without leave," etc. *State v. Poston*, *supra*;· *State v. Millsaps*, 69 Mo. 361; *State v. Peyton*, 32 Mo. App. 522; *State v. Riley*, 34 Mo. App. 426.

*Livingston, Green & Galloway* for respondents.

SHERWOOD, J.—One Perry Coffey was indicted under the patent form, for obtaining from J. H. Williams and J. P. Williams goods, merchandise and personal property of the value of $300.15 of the personal goods and chattels of said J. H. Williams and J. P. Williams "by use and by means of false and fraudulent representations and statements," etc.

Coffey entered into recognizance with defendants as sureties conditioned that Coffey should appear before the Howell circuit court, etc., and not depart the court without leave, etc., and should said cause be not then determined, *"to appear from time to time and from term to term until said cause be disposed of."* At the October term, 1889, Coffey having failed to appear, a forfeiture was taken and *sci. fa.* issued.

The judge of the Howell circuit court having been of counsel, the cause was transferred to the Texas circuit court. The defendant sureties demurred to the record on the ground that the indictment was fatally defective and charged no offense, etc., etc.; that there was a variance and repugnance between the *sci. fa.* and the recognizance, the former charging the obtaining *goods* under false pretenses, and the latter charging that *money* was obtained under false pretenses.

The court held the demurrer well taken, and the defendant sureties were adjudged to go without day, etc.

This action of the trial court was erroneous. The indictment was undoubtedly bad, both in form and substance, since it did not inform, and had no tendency to inform, the accused of the nature and cause of the accusation against him, and thus violated section 22 of our bill of rights, to say nothing of common fairness. *State v. Fleming, ante,* p. 377.

But notwithstanding the insufficiency of the indict-ment, such insufficiency constitutes no ground what-ever for failure to comply with the conditions of the recognizance. *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359. The same may be said of any variance between the *sci. fa.* and indictment. The very object of the recognizance being taken as it was, was to insure the continued attendance of the accused, not-withstanding the indictment might be adjudged insuffi-cient. Authorities last cited.

Therefore judgment reversed and cause remanded.. All concur.