## THE STATE v. H. B. MUDD, Appellant.

### Division Two, February 14, 1911.

1. **RECOGNIZANCE: Variance: Larceny: Burglary.** Where the information charged the defendant with larceny from a dwelling-house and the recognizance was conditioned that he appear to answer an information charging burglary, there is no such variance as will defeat a suit on the recognizance. The variance is an irregularity, and under the statute (Sec. 5019, R. S. 1909) that alone is immaterial.

2. ————: ————: **Precluded by Admission in Answer.** Where the *scire facias* recites that appellant entered into the recognizance as surety "for the appearance of the said defendant on the first day of the next term of said court, then and there to answer and abide the order and judgment of said court, touching the matter of said information for larceny from a dwelling house," the surety by his answer in which he "admits that he entered into the recognizance for the appearance of said defendant in this court, as alleged in said *scire facias*," precludes himself from contending that there is a material variance between the information and recognizance.

3. ————: **Surrender of Principal: Discharge of Surety.** Where the surety informed the sheriff that he believed defendant was going to run away, and that he wanted to be released from his bail bond, and requested the sheriff to come and get him, and the sheriff did so, and lodged him in jail, and after a confinement there of three months he escaped, the surety is released from liability on the recognizance. Nor is he to be held liable because he did not secure a certified copy of the recognizance and deliver the same to the sheriff at the time he delivered the defendant into his hands, nor because he did not take a written receipt from the sheriff evidencing such surrender. The statute prescribing these things affords a means by which the surety can force the sheriff to relieve him of the burden of the recognizance, but they are not mandatory in the sense that they preclude an actual surrender in good faith from being considered and held to neutralize the bond.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED.

*Ragland & McAllister* for appellant.

(1) The recognizance offered in evidence was conditioned that defendant Lee appear and answer an information charging him with the crime of burglary. If the *scire facias* fulfilled the function of a petition or first pleading its allegations would not be sustained by the proof. The variance would be fatal and the judgment could not stand. But it is said that a *scire facias* is not the commencement of a civil action, but simply an incident to a proceeding already in court. State v. Peyton, 32 Mo. App. 522. It need not even state the crime with which defendant is charged. State v. Heed, 62 Mo. 559. That it is sufficient if the record as a whole supports the judgment. Looking then to the entire records and files of the court, it affirmatively appears that the State is not entitled to execution. The record shows that the prosecuting attorney obtained leave of court to file an information charging defendant Lee with the crime of burglary; that thereupon he filed an information which shows on its face that it charges the defendant with larceny from a dwelling-house, and does not charge burglary at all. The defendant was arraigned and pleaded not guilty to the charge contained in the information. As the record does not show the filing of any other information against Lee, it must be concluded that he pleaded to the information charging larceny. Afterward Lee, with appellant as his surety, entered into a recognizance conditioned that he appear on a day named to answer to the charge of burglary. The record shows that no such charge has ever been preferred against him, and his appearance therefore on the date named could not have been lawfully required. The variance between the information and the recognizance is material and the surety is not bound. Duke v. State, 35 Tex. 424; Draughan v. State, 35 Tex. Crim. App. 51. (2) Appellant's surrender of his principal was valid at com-

mon law and completely exonerated him. The trial court should, therefore, have given the declaration of law requested by him. In re Bauer, 112 Mo. 235; Taylor v. Tainter, 16 Wall. (U. S.) 371; Reese v. United States, 9 Wall. (U. S.) 15. Surrender discharges bail. Walton v. People, 28 Ill. App. 645; Sternberg v. State, 42 Ark. 130. Sections 2550-2552, R. S. 1899, do not abrogate the common law respecting the right of bail to arrest his principal and surrender him in his own discharge. The common law is not repealed if there is no repugnancy between it and the statute, or if it does not appear that the Legislature intended to cover the whole subject. 8 Cyc. 376. There are no words in the statute negativing or limiting the right of bail to arrest and surrender his principal in any other manner than that prescribed by the statute itself. In re Banel, 112 Mo. 235. Before the passage of the statute, if bail arrested the principal and surrendered him by delivering him to the proper officer, and the surrender was accepted by such officer and the principal taken into custody by him, the bail was exonerated. But for the bail to be discharged the officer must accept the surrender. Under the statute if the bail deliver a certified copy of the recognizance to the sheriff with the principal, the sheriff must accept the surrender, etc. This statutory provision, compelling the sheriff to accept a surrender if certain formalities are complied with, does not take away from bail any common law right, but is in addition thereto. Walton v. People, 28 Ill. App. 645; Sternberg v. State, 42 Ark. 130. In the case at bar the sheriff did not have to accept the surrender of the defendant Lee, when tendered him by appellant, because not accompanied by a certified copy of the recognizance, but having accepted the surrender it at once became valid and effectual. Walton v. People, supra.

*Elliott W. Major*, Attorney-General, and *James T. Blair*, Assistant Attorney-General, for the State.

(1) (a) The *scire facias* explicitly charged that the recognizance on which judgment was had against appellant was taken to insure the appearance of appellant to answer the charge of larceny from a dwelling-house. Appellant in his answer "admits that he entered into the recognizance for the appearance of defendant, Harry Lee, in this court, as alleged in said *scire facias*," and sets up, also, that "he surrendered and delivered the person of the said defendant, Harry Lee, to F. M. Nolen, sheriff of Monroe county, in Monroe county, Missouri, and that the said sheriff then and there accepted such surrender and took the person of the said Harry Lee into his possession and custody under the charge and information in this cause referred to in said *scire facias*." We think that, having in his answer expressly admitted that the charge to which defendant was bound to answer was one for larceny from a dwelling-house, a different position cannot now be taken by appellant in this court. This proceeding "partakes largely of the nature of a civil proceeding under our code, and should be governed by the same rules." State v. Morgan, 124 Mo. 475. Among those "same rules of proceeding" is the one that a party can not make one case by his answer, try it below, and then secure a reversal by advancing a new theory in this court. The allegation of the *scire facias* and the admission in the answer settled all question as to the charge, etc. The rule mentioned applies to a case of this kind. 5 Cyc. Law and Proc. 155, note 55; State v. Millsaps, 69 Mo. 362. (b) An error of the kind assumed (in the face of the allegation of the *scire facias* and the admissions of the answers) to have been committed in taking the recognizance, would not avail appellant on his appeal, even had he not answered as he did. R. S. 1909, sec. 5019; State v. Epstein, 186 Mo. 99;

State v. Randolph, 22 Mo. 474; State v. Abel, 170 Mo., 66; State v. Livingston, 117 Mo. 628; State v. Morgan, 124 Mo. 478; State v. Austin, 141 Mo. 487; State v. Millsaps, 69 Mo. 362. The essence of appellant's obligation was that Lee would appear in a certain court on a given day. R. S. 1899, sec. 2800. This Lee did not do. (2) The other contention of appellant is that he surrendered Lee to the sheriff and thereby was fully exempt from the penalty of his bond. There is no pretense made that appellant secured a certified copy of the recognizance and delivered it to the sheriff with the principal, or that the sheriff acknowledged the acceptance of the principal in writing, as required by Secs. 5130, 5132, R. S. 1909. Appellant did request the sheriff to come to Monroe City and get Lee, and had the city marshal take Lee into custody. The marshal turned Lee over to the sheriff, who took him to Paris and put him in the county jail, whence he escaped in March, before he was bound, according to the recognizance, to appear in April. It is not contended that the statutory provisions as to surrender of his principal were complied with by appellant. It is, however, argued that those provisions are not intended to exclude other methods of surrender by which the principal is actually landed in the hands of the sheriff. The difficulty in the way of sustaining this contention is that this court has quite properly held: "We are satisfied that the same rules as to bonds which may be enforced as common law obligations between individuals do not apply to bonds executed to the State for the appearance of persons charged with criminal offenses, for in criminal cases they are purely statutory, while as between individuals they are not." State ex rel. v. Fraser, 165 Mo. 261. The language of section 5132, R. S. 1909, prescribing the method of surrender, is mandatory in character. "The bail must deliver a certified copy of the recognizance to the sheriff with the principal, and the sheriff must accept the sur-

render of the principal, and acknowledge such acceptance in writing." Neither of these things was done. It cannot be questioned that the State has the right to fix, and has fixed, by statute, the method by which her agent (165 Mo. 259), the sheriff, can accept a surrender in such fashion as to bind the State and release sureties on bonds and recognizances in criminal cases. In this respect "the sheriff has his duties prescribed by law; his powers are defined by law; he cannot transcend them, and if he does his act is entirely void." (165 Mo. 259.) The statute having prescribed explicitly the method of surrender, and the whole matter being purely statutory, no other surrender will bind the State. State v. Tieman, 39 Ia. 476; Roberts v. State, 4 Tex. App. 130; State v. McMichael, 50 La. Ann. 431; State v. Miller, 109 La. 27.

KENNISH, P. J.—This is an appeal from a final judgment upon a forfeited recognizance.

At the December term, 1908, of the Monroe County Circuit Court, the prosecuting attorney of said county filed in said circuit court an information charging one Harry Lee with larceny from a dwelling-house, and at the same term said Lee entered into a recognizance in the sum of five hundred dollars, with appellant as surety, conditioned that he would be and appear in said court "on the 29th day of December, 1908, and on each and every day of said term thereafter, and upon each and every day of each succeeding term of this court until this cause is finally disposed of, to answer an information charging him with the crime of burglary, filed against him in this court, . . . and not depart without leave," etc.

At the April term, 1909, of said court, the cause coming on for trial, defendant Lee failed to appear, whereupon the recognizance, upon application of the prosecuting attorney, was declared forfeited, and *scire facias* issued. The *scire facias* recited, among other

things, that the information charged larceny from a dwelling-house, and that the recognizance had been entered into by the appellant as surety "for the appearance of the said Harry Lee on the first day of the (then) next term of said court, and then and there answer and abide the order and judgment of said court touching the matter of said information for larceny from a dwelling-house," etc.

For answer to the *scire facias,* appellant "admits that he entered into the recognizance for the appearance of defendant, Harry Lee, in this court, as alleged in said *scire facias,* but defendant denies each and every other statement and allegation in said *scire facias* made and contained." The answer further sets up that appellant, prior to the forfeiture, surrendered Lee to the sheriff of Monroe county, and that the sheriff "accepted such surrender and took the person of the said Harry Lee into his possession and custody, under the charge and information in this cause and referred to in said *scire facias.*"

The State, through its counsel, filed reply, denying each and every allegation in the answer contained.

It appears from the evidence that on or about January 1, 1909, the appellant, H. B. Mudd, who lived at Monroe City, telephoned to the sheriff of Monroe county, at Paris, the county seat, stating that he was afraid Harry Lee was going to run away, and requesting the sheriff to come to Monroe City and get Lee. He further stated to the sheriff that he would pay the expense of the trip, also that he wanted to get off Lee's bail bond. The sheriff promised to come as requested, and did so. In the meantime the appellant caused Lee to be arrested by the marshal of Monroe City, and the marshal delivered him to the sheriff upon the latter's arrival from Paris. Lee was taken to Paris by the sheriff and placed in the county jail, whence he afterwards, on March 27, 1909, made his escape, and failed to appear in court when the cause wherein he was

·charged by information with larceny from a dwelling-house was regularly called for trial. Appellant did not secure a certified copy of the recognizance and deliver the same to the sheriff at the time he delivered the person of defendant Lee into his custody, nor did he take a written receipt from the sheriff evidencing such surrender, but the sheriff understood that the appellant delivered the person of the defendant to him as and for a surrender by him as bail.

The court rendered judgment for the State, from which judgment, after timely motions for new trial and in arrest had been filed and overruled, an appeal was taken to this court.

The first contention of the appellant is that as the information charged Harry Lee with larceny from a dwelling-house, while his recognizance was conditioned that he appear to answer an information charging burglary, this variance between the information and the recognizance was material and fatal, the surety was not bound, and the motion in arrest of judgment should have been sustained.

Section 2800, Revised Statutes 1899 (sec. 5019, R. S. 1909), forbids that the proceeding upon this recognizance shall be defeated, or the judgment prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, or of *any other irregularity,* so long as it is made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial.

An examination of this broad statute makes it quite clear that the variance between the information and the recognizance as to the crime charged is immaterial in this proceeding, and avails nothing to the ap-

pellant. The variance can well be regarded as an *irregularity,* and counts for nothing, it being "made to appear *from the whole record or proceeding* that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance," from which recognizance it is ascertainable "that the surety undertook that the defendant should appear before a court . . . at a term or time specified for trial."

In State v. Randolph, 22 Mo. 474, Judge LEONARD announced the rule, which has since obtained in this State, to be that "although a recognizance can only be taken to secure the performance of some act that the law allows to be secured in that way, we do not deem it essential to the validity of the recognizance that it should specify on its face the specific charge that the party is to answer to." In State v. Millsaps, 69 Mo. 359, it was held that where the recognizance named the offense as larceny and the *scire facias* as petit larceny, this was no substantial variance. Although the offense charged in the information was not the same as that named in the recognizance, this did not entitle the defendant, Harry Lee, to his discharge as a matter of course, or excuse the surety on his recognizance for his non-appearance, the condition of the recognizance being such that it not only required the appearance of the accused to answer the information, but also "*not to depart without leave of court.*" [State v. Poston, 63 Mo. 521; State v. Boehm, 184 Mo. 201.] As said by Judge GANTT in State v. Epstein, 186 Mo. l. c. 101: "These bail bonds are allowed in the interest of defendants that they may be free until they are tried and either convicted or acquitted. It is not the purpose to permit defendants to enter into them to escape trial and punishment and then allow the sureties to defeat their solemn obligations after the defendants have escaped."

We further think that the appellant's answer to the *scire facias* precludes him from raising the question of variance in this court. In his answer he "admits that he entered into the recognizance for the appearance of the defendant, Harry Lee, in this court, as alleged in said *scire facias*," and the *scire facias* recites that appellant entered into the recognizance as surety "for the appearance of the said Harry Lee on the first day of the (then) next term of said court, and then and there answer and abide the order and judgment of said court touching the matter of said information for larceny from a dwelling-house." In State v. Morgan, 124 Mo. l. c. 475, this court said: "While the proceeding on a *scire facias* in a case of this kind is a mere continuance of an existing proceeding to enforce the collection of a debt confessed, it partakes largely of the nature of a civil proceeding under our code, and should be governed by the same rules of procedure." One of these rules is that a party cannot make one case by his answer, try it below, and then secure a reversal by advancing a new theory in this court. In a proceeding of this kind "it is a general rule that the court will not, on appeal, consider for the first time objections, defenses or questions which should have been raised below." [35 Cyc. 1155, and cases cited under note 55.]

A further contention of appellant is that as he had surrendered his principal to the sheriff and the latter had received him into his custody and imprisoned him in the county jail where he remained for a period of about three months and until his escape therefrom, appellant was thereby discharged from further liability on the bond. On the other hand the State, while admitting the facts, contends that as the surety did not deliver a certified copy of the recognizance to the sheriff with the principal, and as the sheriff did not acknowledge the receipt of the principal in writing, as prescribed by the statute, the al-

leged surrender constituted no defense to the *scire facias*.

Upon the propositions thus advanced the decisions of the courts are not in accord and numerous authorities have been cited in the briefs of counsel as supporting their respective contentions.

The statutes providing for the surrender of the principal by the surety and bearing upon the facts of this case are sections 5130 and 5132 of the Revised Statutes of 1909. They are as follows:

"Sec. 5130. When a bail desires to surrender his principal, he may procure a copy of the recognizance from the clerk, by virtue of which the bail, or any person authorized by him, may take the principal in any county within this State.

"Sec. 5132. The bail must deliver a certified copy of the recognizance to the sheriff with the principal, and the sheriff must accept the surrender of the principal, and acknowledge such acceptance in writing."

Do the foregoing statutes preclude, as a valid defense to this forfeiture proceeding, such a surrender by the surety and such an acceptance by the sheriff as are shown by the facts of this case?

It is evident that the Legislature, in these statutory provisions, had in view the purpose of enabling the surety to surrender the principal whenever he should deem it advisable so to do in order to protect himself against further liability on the bond, and to this end it is made obligatory upon the sheriff, in the case of a surrender in accordance with the statute, to accept the principal and to furnish the surety written evidence of that fact.

In the absence of these statutes the liability of the surety would become fixed when he entered into the obligation, and he would be left the alternative of either producing the prisoner, as provided in the bond, or paying the penalty. While the primary purpose of the statute was the protection of the surety, yet in

prescribing the conditions upon which the,surety may thus relieve himself from further responsibility, the law provides that the surety *must* deliver a certified copy of the recognizance to the sheriff with the principal, and the sheriff *must* accept the surrender and acknowledge such acceptance in writing. Because of the language thus used, the State maintains that the statute is mandatory, both as to what is required of the surety and also of the sheriff, and that a legal surrender of the principal could arise only upon the performance of both conditions and in the manner prescribed.

So far as the sheriff is concerned this position seems unreasonable and at variance with the purpose of the law, for if the surety has complied with all of the requirements of the statute upon his part, the failure or refusal of the officer to acknowledge in writing the acceptance of the principal, should not be held to deprive the surety of the benefit of the law solely because of the default of the representative of the State over whose actions he had no control. We think a reasonable construction of this statute does not lead to such an inequitable result. In the case of State v. Meyers, 61 Mo. 414, this court had before it the question of the sufficiency of an answer to a *scire facias* in a forfeiture proceeding, "which in substance alleged that long before the judgment of forfeiture had been taken upon the recognizance, the defendant, as the surety of McGuire, had obtained a certified copy of such recognizance, which, together with the body of McGuire, he had delivered to the sheriff of Jasper county, who thereupon accepted the surrender thus made, and took, held and detained McGuire in his custody, by virtue of the copy of the recognizance." A demurrer to this answer was sustained in the trial court and the forfeiture made absolute. It will be observed that the answer did not plead an acknowledgment in writing of the acceptance of the prisoner

by the sheriff, and in discussing the sufficiency of the answer upon that point, this court, at page 415, said: "Nor was it necessary to his discharge that the defendant should allege therein that the sheriff acknowledged in writing the acceptance of the principal. This acknowledgment it is clearly the duty of the sheriff to make when the surrender of the principal occurs; but it is equally clear, that after the bail has complied with the provisions of law on his part, he is entitled to be exonerated from further liability, and that the failure or refusal of the officer to do his duty in the premises should not debar the surety from his discharge."

It remains to be considered whether the court correctly construed the law in holding that the surety, because of his failure to deliver a copy of the recognizance to the sheriff with the prisoner, was precluded from successfully pleading and proving a surrender under the statute.

It is admitted that the surety did in fact surrender his principal to the sheriff and that the latter had held him as a prisoner in the county jail until he made his escape therefrom, but it is insisted that the requirement that a copy of the recognizance be delivered to the sheriff with the prisoner is mandatory and that a manual delivery of the prisoner to the officer without such copy falls short of a legal surrender and therefore constitutes no defense to a proceeding to recover the penalty of the bond.

If the delivery of a copy of the recognizance with the prisoner, as provided by statute, is mandatory, then it must be conceded that the alleged surrender of the principal in this case was void and that the judgment of the trial court should be affirmed, but if such requirement is not of the essence of the act to be done in effecting a surrender then that provision of the law is only directory and a failure to comply therewith

would not have the effect of rendering invalid the substantial part of the act done. [36 Cyc. 1157.]

It is apparent that the actual surrender of the principal by the surety and the acceptance thereof by the sheriff are the substantial and essential elements of the statutory provisions under consideration, and that the manner in which the surrender should be made and the evidence thereof are incidental to the main purpose of the law. In the case of City of Cape Girardeau v. Riley, 52 Mo. l. c. 427, discussing the subject of directory and mandatory laws, this court said: "And where the language used does not import that it is of substance, the clauses of a law directing its observance are regarded as directory simply, for that is directory which is not of the essence of the thing to be done." And in the same case the court quotes with approval from an earlier decision of this court as follows: "The course required to be observed in the performance of an act is not always of its essence or vitality. When an act is directed to be done in a particular way, the direction may be merely directory—that is, it is not of the essence of the act, but the act may stand in law notwithstanding the direction was not strictly observed."

In the case of State v. Murmann, 124 Mo. 502, it is disclosed that the surety was present in the court room at the trial of the principal; that the jury returned a verdict of guilty; that thereupon and before any other proceedings in the case, the sheriff, in the presence of the court, laid his hands upon the principal and led him away to the lockup. The principal made his escape, and upon an appeal from a judgment of forfeiture against the surety this court, at pages 508 and 509 said: "When the verdict of guilt was rendered it was the duty of the court to order the prisoner into the custody of the sheriff, and when the sheriff did in fact take charge of the principal by an

unequivocal assertion of authority, and without which his act would have been an unwarranted trespass, and started with him to the court prison, the surety was discharged. This manual caption of the prisoner by the sheriff in the presence of the court abated and dispensed with the necessity for formal surrender of the prisoner by his bail. He had complied with his obligation.''

While in the foregoing excerpt this court said it was the duty of the trial court to have ordered the prisoner into the custody of the sheriff upon the return of the verdict, it does not place the right of the surety to his discharge upon that ground alone, but also upon the further ground of the manual caption of the prisoner by the officer and the actual transfer of the custody of the prisoner from the surety to the sheriff. The bond in that case was doubtless conditioned upon the appearance of the principal for trial and judgment as provided in the statute. If the obligation of the surety had ended with the return of the verdict, the manual caption of the prisoner by the sheriff, upon which fact emphasis is laid in the opinion, would have been of no importance upon the issue of the surety's liability. We consider the holding of this court in that case persuasive authority that appellant's defense upon the point in hand in this case was meritorious.

As said by this court in the Murmann Case, supra, we are not to be understood as countenancing a loose practice in the matter of the surrender of a principal by the surety, but where the uncontradicted evidence shows that the surety acted in good faith and did in fact deliver the principal to the sheriff, who accepted him unconditionally as a prisoner, and placed him in the jail where he remained in the exclusive custody of the sheriff until the time of his escape, we are of opinion that such facts entitled the surety to his dis-

charge and constituted a sufficient answer to the *scire facias*.

Entertaining the foregoing views, it follows that the judgment should be reversed. It is so ordered.

*Ferriss* and *Brown, JJ.,* concur.