STATE OF MISSOURI, RESPONDENT, v. GRACE WYNNE, DEFENDANT, J. C. CIRESE, SURETY, APPELLANTS.—181 S. W. (2d) 781.

Kansas City Court of Appeals. June 5, 1944.

*J. K. Owens* for appellant.

*M. W. O'Hern, John D. Wendorff* and *Kaer P. Vance, II* for respondent.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Jackson County overruling motion of J. C. Cirese, appellant, to quash an execution issued on a judgment rendered against him and Grace Wynne for $5000.

The record discloses that Grace Wynne was indicted by the Grand Jury of Jackson County, Missouri, on September 6, 1940, charged with murder in the first degree. On September 16 she was released on bail bond in the sum of $5000 with J. C. Cirese as surety, to appear on September 30, 1940, and from day to day and term to term of said court, should the cause be continued. The case was set for trial on May 26, 1941, and was regularly in Division 8, then sitting as Criminal Division "A" of the Circuit Court.

When called for trial the defendant, Grace Wynne, failed to appear and the surety failed to produce her, thereupon the court declared the bond forfeited and ordered scire facias issued directed to the defendant and J. C. Cirese as surety. The writ was returnable to Division No. 8 of the circuit court on the first day of the September, 1941, term, and ordered defendants to show cause why the judgment of forfeiture should not be made absolute and why execution should not issue in favor of the State of Missouri. The writ was served on appellant, J. C. Cirese, on June 27, 1941. On the first day of the September term he appeared and asked time to plead, which was granted by the court until September 29.

Thereafter, the matter came on regularly for hearing in Division 8 where the bond had been forfeited and scire facias issued; and on November 24, 1941, after a trial, judgment for $5000, the penal sum of the bond, was rendered against Grace Wynne and J. C. Cirese. Defendants appealed from that judgment to the Supreme Court and, on the 5th day of April, 1943, the Supreme Court affirmed the judgment because defendants failed to file transcript as required. On

April 27, 1943, an execution was issued and executed by levying on real estate of J. C. Cirese. Thereafter, he filed motion to quash the execution, which was overruled, and he alone appeals.

We are immediately confronted with a motion filed by the State (respondent) to dismiss the appeal because we have no jurisdiction of the cause. The contention is: ". . . the appellant's motion to quash the execution grows out of the forfeiture of a bail bond in a felony case and is incidental and collateral to the original felony, and jurisdiction in said cases vests exclusively in the Supreme Court." Of course all appeals from *convictions* in felony cases go to the Supreme Court, and for more than fifty years it was held in this State that an appeal from a judgment of forfeiture of bond given in a felony case would also go to the Supreme Court. But in State v. Gross, 306 Mo. 1, 275 S. W. 769, the court *en banc* overruled all prior cases so holding and decided that the proceedings to forfeit the bond in a criminal case was a civil action and the appeal should go as in any other civil case. That decision has never been overruled or criticized and we must follow it. The amount involved being $5000 gives this court jurisdiction. The motion to dismiss the appeal is overruled.

Appellant raises but one question which is, that Division 8 of the Circuit Court of Jackson County did not have jurisdiction to render the judgment on which execution was issued for the reason, the cause (felony charge against Grace Wynne), on which said judgment was rendered was then pending in Division 9 of the Circuit Court.

The record discloses that on the first day of the September, 1941, term, defendant Grace Wynne appeared in court and was remanded to the custody of the sheriff; and Division 8 made the following order in the criminal case, *"Now, this cause as to all criminal actions alone,* is transferred to Division 9, Criminal Division "A" of the court." (Italics ours.) The criminal charge against Grace Wynne was continued from time to time until she was finally tried and convicted in Division 10 of the circuit court.

This identical question has never been before our courts. We are of the opinion that when Division 8 forfeited the bond and issued *scire facias* to the defendants, returnable to the next term, and thereafter the criminal case was transferred to another division, such would not cause Division 8 to lose jurisdiction of the proceedings to render final judgment on the forfeiture made and entered of record in that division.

In State v. Gross, *supra*, the court *en banc* adopted the dissenting opinion in State v. Wilson, 265 Mo. 1. In the Wilson case the dissenting opinion was to the effect that where a bail bond is forfeited and a judgment rendered thereon against the surety, "it is a *civil* action pure and simple and should be dealt with accordingly." While it is true the present suit grew out of the original criminal proceeding, and is based thereon, nevertheless, so far as Cirese (the surety) is

concerned, this proceeding is a civil action and must be dealt with as such without regard to what disposition is made of the criminal case. The order of forfeiture by Division 8 at the May term was in the nature of an interlocutory decree, which must be proceeded on to final judgment in that court. [Sec. 3973, R. S. 1939.]

In State v. Kelly et al., 318 Mo. 1134, l. c. 1141, the court said: "The writ of *scire facias* is not an original writ by which litigation is initiated; it only marks a stage in litigation already commenced. It is founded on the record of the court that issues it and must rely on the record of that court for its support." It is in no sense a continuation of the criminal proceeding in which the bail bond was given. The guilt or innocence, conviction or acquittal of the personal criminally charged is not the basis of forfieture. The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record. [Sec. 3973, *supra*; Gross v. Gentry County, 8 S. W. (2d) 887, 890; State v. Taylor, 20 S. W. (2d) 960; 6 Am. Jur., p. 121, sec. 191.]

Appellants cite the cases of Cole v. Norton, 251 S. W. 723; Allen et ux. v. Bagley et al., 133 S. W. (2d) 1027; Hirsch v. Hirsch, 273 S. W. 151, l. c. 152, and Title Guaranty & Surety Co. v. Drennon et al., 208 S. W. 474. All of these cases are original civil suits instituted in the usual manner; and the questions discussed are not applicable to the situation presented here. There was no order transferring *this* matter to another division, as was done in the above cases.

It is our conclusion that when Division 8 entered its order forfeiting the bond, such order was in the nature of a judgment interlocutory and the court was required by Section 3973, *supra,* to issue a writ of *scire facias* which would set in motion the jurisdiction of that court to determine whether or not said interlocutory order should be made absolute. Jurisdiction of the parties and subject-matter was in that court and it did not lose such jurisdiction by any order it made to transfer *that* proceeding to any other division because it made no such order. The order it did make transferring the felony case *only* did not divest it of jurisdiction to complete the final determination of the bond forfeiture.

Other reasons assigned by the State for affirming the judgment need not be discussed. It follows that the judgment should be affirmed. It is so ordered. *Bland, P. J.,* concurs; *Dew, J.,* not sitting.