STATE of Missouri, Respondent,

v.

John George HAVERSTICK, Principal, and Carolina Casualty Insurance Co., a Corporation, Surety, Appellant.

No. 47348.

Supreme Court of Missouri,

Division No. 1.

July 13, 1959.

———◆———

Robert L. Spurrier, Butler, for appellant.

Walter W. Pierce, Pros. Atty., Butler, for respondent.

DALTON, Judge.

This is an appeal from a judgment for $2,500 entered in favor of the State of Missouri and against defendant John George Haverstick and Carolina Casualty Insurance Company, a corporation, in an action instituted by the State to recover on an appearance bond in a criminal case where the defendant failed to appear.

■ Jurisdiction of the appeal is in this court, since it is a civil proceeding to which the State is a party. Art. V, Sec. 3, Constitution of Missouri, V.A.M.S.; State v. Haney, Mo.Sup., 277 S.W.2d 632, 633, 55 A.L.R.2d 717; State v. Haverstick, Mo. App., 317 S.W.2d 654 (where the cause was transferred to this court).

The record presented on appeal shows that a transcript of proceedings in the Magistrate Court of Bates County, Missouri, in Case No. 836, State of Missouri v. John George Haverstick, was filed in the circuit court of said county on February 19, 1957, from which transcript it appears that, on June 11, 1953, the prosecuting attorney of said county filed his affidavit in said magistrate court for a state warrant·

charging defendant, John George Haverstick, with forgery in eight counts, to wit, for felonies committed in said county on May 15, 1953; that a warrant was issued for defendant on said charges and delivered to the sheriff of the county; that defendant was not arrested on said warrant until November 10, 1956; that defendant was arraigned on November 16, 1956, and entered a plea of "not guilty"; that a date for a preliminary hearing was set and the amount of bond pending preliminary hearing was fixed in the sum of $2,500; and that the defendant duly filed bond, which was approved and ordered recorded. A motion to dismiss the pending charges was thereafter heard on February 18, 1957, and overruled. The transcript of proceedings in the magistrate court further recites: "And now comes on to be heard the Preliminary Trial of said Defendant, and the Defendant, not appearing before the Court according to the condition of the Recognizance heretofore filed herein by the Defendant, and in accordance with the Orders of Continuances heretofore entered of Record; the Court, doth herewith record herein default on said Recognizance on the part of said Defendant. And the Court herewith certifies the Recognizance, with this Record of Default to the Circuit Court of Bates County, Missouri, and it is ordered that a Transcript of these proceedings be filed in said Circuit Court." See Secs. 544.-330 and 544.640 RSMo 1949, V.A.M.S.

Thereafter, on April 8, 1957, a petition to declare forfeiture of recognizance and for writ of scire facias was filed in the circuit court of said county. It stated: "That John George Haverstick, defendant herein, was, on the 11th., day of June 1953, charged in the Magistrate Court of Bates County, Missouri, with the crime of forgery in eight (8) counts on or about the 15th., day of May, 1953, in the County of Bates, State of Missouri; that a Warrant was issued for the arrest of the said John George Haverstick, and said Warrant delivered to the Sheriff of Bates County,

Missouri; that the said John George Haverstick was taken into custody by the authorities of Cole County, Missouri on the 30th., day of May, 1953, charged with the crime of forgery in the County of Cole, State of Missouri; that the said John George Haverstick was sentenced by the Circuit Court of Cole County, Missouri, to a term of three. (3) years in the State Penitentiary of Missouri, Jefferson City, Missouri; that the Prosecuting Attorney of Bates County, Missouri, on or about September 1, 1953, filed a Detainer with the Warden of the State Penitentiary of Missouri for the said John George Haverstick; that the said John George Haverstick was released from the State Penitentiary, aforesaid, on or about the 16th., day of November, 1956, and was on that date brought before the Magistrate Court for Bates County, Missouri, by the Sheriff of Bates County, Missouri."

The petition further alleged that the defendant made a request for a preliminary hearing; that defendant gave bond and was released pending such hearing; and that, thereafter, the defendant failed to appear in the magistrate court and a default was entered against him for failure to appear in accordance with the provisions of said bond. The petition concluded with a prayer for "the judgment of the court that the recognizance of John George Haverstick, defendant, in the penal sum of $2500, Carolina Casualty Insurance Company, as Surety, be forfeited; [and] that a writ of scire facias issue."

Thereafter, the court entered the order requested and the writ of scire facias was issued and served on the defendants. Defendants were required to appear in the Circuit Court of Bates County " * * * to show cause, if any they have, why the judgment of forfeiture should not be made absolute, and why execution should not issue in favor of the State of Missouri, according to the force, form and effect of said recognizance."

Defendant Carolina Casualty Insurance Company timely appeared and filed answer to the said petition, in part, as follows:

"The recognizance mentioned in said petition and in said writ, to-wit: a bond in felony case given before preliminary examination, executed by John George Haverstick, as Principal, and Carolina Casualty Insurance Company, by John W. Welby, attorney-in-fact, under date of November 16, 1956, is null, void and of no effect as at the time of the execution of said recognizance the said John George Haverstick was being unlawfully held in custody under a warrant issued by the Magistrate Court of Bates County, Missouri, on the 11th day of June, 1953, in Case No. 838, State of Missouri, Plaintiff, vs. John George Haverstick, Defendant, charging the defendant, John George Haverstick, with crimes of forgery in eight counts, all alleged to have been committed on or about the 15th day of May, 1953, more than three years prior to the date and time of the execution of the recognizance in question and no information charging said defendant with said crimes had been filed within three years after the said defendant was alleged to have committed the crimes, if any, mentioned in the said warrant and the prosecution of the said defendant for the said alleged crimes was barred under the provisions of Section 541.200 RSMo 1949 [V.A. M.S.] and by reason of the foregoing facts there was no consideration for said bond moving from the State of Missouri to either the said John George Haverstick or Carolina Casualty Insurance Company."

It will be noted that the defense is based upon facts which clearly appear from the plaintiff's own petition.

Defendant Carolina Casualty Insurance Company also filed a motion attacking the petition for failure to state facts sufficient to constitute a claim upon which relief could be granted, and upon other grounds, which said motion was denied.

The cause came on for trial on August 28, 1957, and it appearing that there was no dispute about the fact of defendant's default in appearance in the magistrate court, because of imprisonment in the Arkansas State Penitentiary at Varner, Arkansas, and the other facts alleged in the petition or shown by the transcript from the magistrate's court not being in dispute, a judgment was entered in favor of plaintiff and against the defendants for $2,500. Defendant Haverstick's incarceration in the penitentiary in Arkansas of course constituted no defense to the action. State v. Horn, 70 Mo. 466.

Defendant Carolina Casualty Insurance Company thereafter filed a motion styled: "Separate motion of defendant Carolina Casualty Insurance Company, a corporation, to set aside and vacate the finding and judgment herein and (1) to enter judgment in favor of said defendant, or in the alternative (2) to grant said defendant a new trial, or in the alternative (3) to enter a remittiture in favor of said defendant." The motion was overruled and said defendant appealed from the judgment entered against it.

Appellant contends that the court erred in entering the judgment appealed from because the petition to declare a forfeiture of the recognizance and for the writ of scire facias fails to state facts sufficient to constitute a claim upon which relief can be granted, since on the facts stated therein it appears that, at the time of the execution and filing of the recognizance, any prosecution of the defendant Haverstick was barred by the three-year statute of limitations (Section 541.200 RSMo 1949, V.A. M.S.); that the defendant Haverstick was unlawfully held in custody over objection at the time of the execution and filing of the recognizance; and that the recognizance was therefore null, void and of no effect and no recovery can be had thereon. Appellant further points out that the facts are not in dispute, but clearly appear from the transcript of the magistrate and from the

petition based thereon, to wit, that the alleged felonies were committed on or about May 15, 1953; that the affidavit for a state warrant was executed and filed on June 11, 1953; that a state warrant issued thereon on said date; that, on May 30, 1953, defendant was arrested in Cole County on a felony charge and sentenced to the state penitentiary for three years; that on or about September 1, 1953, the Prosecuting Attorney of Bates County filed a detainer warrant with the warden of the state penitentiary for defendant Haverstick; that said defendant was released by the penitentiary on or about November 16, 1956; that he was thereafter arrested and taken before the Magistrate Court of Bates County and arraigned; that he entered a plea of not guilty; and that the bond in question was executed and defendant released pending a preliminary hearing on the charges against him. Appellant insists that it appears from the pleaded and admitted facts that defendant Haverstick was in the State of Missouri for more than three years after the date of the alleged offenses; that the officers of Bates County knew where he was and had a hold order against him for more than three years; that no indictment or information was filed against said defendant within three years after the offenses were alleged to have been committed; that therefore no valid indictment or information could have been filed against defendant at the time the recognizance sued on was executed because prosecution was barred by the statute of limitations; and that defendant was unlawfully held, over objection, at the time the recognizance was executed.

■ An independent suit is no longer necessary to enforce liability on a bond filed in a criminal case (see Supreme Court Rule 32.12, 42 V.A.M.S.), but such suits are not prohibited by the rule.

Section 543.410 RSMo 1949, V.A.M.S., provides: "No proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of

recital, condition of undertaking therein, neglect of the magistrate or clerk to note or record the default of any principal or surety at the time or term when such default shall happen, or of any other irregularity, if it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial."

This section, while located in a chapter of the statutes dealing with proceedings before magistrate courts in misdemeanor cases, had prior to its repeal and re-enactment been applied to felony cases. State v. Mudd, 232 Mo. 564, 134 S.W. 562, 563; State v. Epstein, 186 Mo. 89, 84 S.W. 1120.

In such a case it has been said that "[t]he court will look at the whole record, and if it appears that the recognizance was duly executed, and judgment of forfeiture entered, and the record be sufficient to support the judgment, the proceeding will be sustained, although there may be omissions and irregularities in the recognizance or scire facias. Any defense must strike at the record and set forth some valid reason why the judgment should not be made absolute and execution awarded." State v. Adank, Mo.Sup., 256 S.W. 768; State v. Potts, 60 Mo. 368, 369; State v. Whitsell, 55 Mo. 430; Kelley's Criminal Law and Procedure, 4th Ed., Sec. 102.

The rule applied in the State of Illinois is stated in People v. Rubright, 241 Ill. 600, 89 N.E. 713, 714, as follows: "The purpose of a scire facias upon a forfeited recognizance is to give the parties an opportunity to show cause why judgment should not become absolute. * * * The issues which may be tried in this proceeding are not the same as are involved in the criminal proceeding out of which it originated. It is wholly immaterial in a proceeding by a scire facias whether the defendant is guilty or innocent of the criminal charge against him, and that question cannot be inquired into. The very purpose of the recognizance is to secure the attendance of the person charged, in order that all questions touching his guilt or innocence may be determined. A person under recognizance to appear and answer a charge against him cannot disregard his obligations to appear and afterwards excuse himself on the ground that his appearance was unnecessary because he was not guilty of the charge. Neither can the cognizer make default and afterwards seek to justify the same on the ground that the law under which he was charged is unconstitutional. Such defense is not available to him in a proceeding by scire facias upon his forfeited recognizance."

■ In this state the validity or invalidity of the indictment or information cannot be inquired into in a proceeding to enforce the forfeiture of a recognizance by scire facias for failure of the defendant to appear. State v. Boehm, 184 Mo. 201, 204, 83 S.W. 477; State v. Morgan, 124 Mo. 467, 474, 28 S.W. 17. Nor does the insufficiency of an indictment constitute a ground for the relief of sureties from the failure of the principal defendant to comply with the conditions of the recognizance. State v. Livingston, 117 Mo. 627, 23 S.W. 766; State v. Austin, 141 Mo. 481, 486, 43 S.W. 165. However, lawful custody of the defendant by the State under a valid warrant is necessary to support the execution of a valid recognizance by a surety on the defendant's behalf. State v. Swope, 72 Mo. 399, 403; State v. Fleming, 240 Mo.App. 1208, 227 S.W.2d 106, 111.

" 'The writ of scire facias is not an original writ by which litigation can be initiated; it only marks a stage in litigation already commenced. It is founded on the record of the court that issues it, and must rely on the record of that court for its support.' It is in no sense a continuation of the criminal proceeding in which the bail bond was given. The guilt or innocence, conviction or acquittal of the person crim-

inally charged is not the basis of forfeiture. The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record." State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783. And see Sec. 544.460 RSMo 1949, V.A.M.S.

As indicated, appellant argues that on the admitted facts before the court, the defendant Haverstick was illegally held at the time the recognizance was executed since the facts show that no indictment or information could be filed against him and therefore that the recognizance was invalid.

Wharton's Criminal Procedure, Vol. 4, p. 686, Sec. 1842, states that "the question whether there is a binding obligation under a bail bond or recognizance executed in order to secure the release of a prisoner illegally detained has received diverse answers depending in part on the circumstances involved." And see 8 C.J.S. Bail § 97, p. 194. In Candler v. Kirksey, 113 Ga. 309, 38 S.E. 825, a defense by a surety on a criminal recognizance based upon the fact that the indictment against the principal failed to charge an offense was sustained. And see Glover v. Dorsey, 27 Ga.App. 105, 107 S.E. 594 to the same effect.

In the State of Texas, where a specific statute confines a surety's defense to a scire facias on a forfeited bail bond or recognizance to one of the specific exclusive defenses listed therein and prevents any inquiry as to the guilt or innocence of the principal defendant or of the validity or invalidity of the indictment, a surety may not interpose the defense that the offense charged against the principal was barred by the statute of limitations. United States v. Davenport, D.C., 266 F. 425, 427. Nevertheless, other defenses have been permitted, as where an indictment is fatally defective. See Dunn v. State, 121 Tex.Cr. R. 30, 53 S.W.2d 307, 309(4). In the case of State v. Brantley, 27 Ala. 44, in a proceeding by scire facias to forfeit a recognizance, the court sustained, as valid, a plea by the sureties, that their principal, at the time of its execution, "was illegally and by force imprisoned and restrained of his liberty, and that under such illegal and forcible imprisonment and restraint of his liberty, and to procure a release and discharge from such forcible and illegal imprisonment and restraint of his liberty, defendants made and subscribed said writing."

Respondent argues that no information could be filed against defendant Haverstick, until after a preliminary hearing had been had and defendant bound over to answer the charge stated in the affidavit (see Section 544.250) ; and that a prisoner confined in the penitentiary under a judgment of conviction could not be required to answer a preliminary complaint of a prosecuting attorney for another felony committed before his incarceration. Ex parte Saxbury, 323 Mo. 194, 18 S.W.2d 1041, 1042. In that case this court said: "Such convict should not be taken out of the penitentiary for preliminary hearing upon a felony charge on mere complaint of a citizen, even though that citizen be, as is the case here, the prosecuting attorney of the county. To approve such a course of procedure would subject those in charge of the penitentiary to unjustifiable annoyance upon the complaint of irresponsible private persons, and render possible the escape of convicts, while thus temporarily away from prison, through the aid of confederates who might file fictitious complaints with that end in view. It may be argued that the convict might thus be granted effectual immunity from prosecution for a grave felony committed before, and discovered after, his incarceration in the penitentiary, and that the statute of limitations might bar prosecution for such grave felony after his discharge in due course, unless a preliminary hearing could be held and information filed within the period of limitation. The fact that such convict may be indicted by a grand jury, which must be convened in each county once each year, and more frequently if ordered by the circuit court or judge thereof * * * precludes the possibility of such miscarriage of justice."

While Article I, Section 16, Constitution of Missouri, 1945, now provides that "no grand jury shall be convened except upon an order of a judge of a court having power to try and determine felonies" (and see Section 540.020 RSMo 1949, V.A.M.S.), the failure to call a grand jury would not toll the statute of limitations. Further: "There is no constitutional or statutory provision prohibiting the trial of a defendant during the time of his incarceration in the penitentiary, and the guarantee by the Constitution of a speedy trial makes no exception of a defendant so incarcerated. * * * all the courts hold that a convict may be taken by the state from the penitentiary and tried for an offense committed prior to his incarceration. To hold otherwise would make of the penitentiary a shelter for criminals." State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S.W.2d 932, 933. Further, the cause pending in the magistrate court was such a "proceeding pending in such court" that defendant could have been brought before the court on a writ of habeas corpus ad testificandum or on a writ of habeas corpus ad prosequendum. Supreme Court Rule 25.16; State ex rel. Billings v. Rudolph, supra.

Respondent further argues that the defense pleaded and set forth in appellant's answer is a collateral attack on the judgment of default; but respondent admits that "If this were a direct attack in the magistrate court and it was alleged that the offense was barred by the statute of limitations, the State of Missouri would have to allege in the information that the statute of limitations had been tolled and had not expired." Respondent also says that, if defendant Haverstick is ever brought back to Bates County and bound over after preliminary hearing, the prosecuting attorney can still file a valid information and allege that defendant "was a fugitive from justice and that the statute of limitations was tolled and therefore the offense not barred by the statute of limitations." Respondent cites Knight v. Miles, 308 Mo. 538, 272 S.W. 922, 924, a habeas corpus case, where the complaint was not before the court, but the evidence tended to show defendant was outside of the state for such length of time that the statute of limitations would not have barred the prosecution. And see State v. Bithorn, Mo.Sup., 278 S.W. 685, 686(4). Respondent also says: "The law is clear that if the defendant Haverstick committed a crime in Bates County and fled from that county to avoid prosecution, then all of the time he was absent from that county does not count on the three-year statute of limitation." Respondent misconstrues the statute. Sec. 541.220 RSMo 1949, V.A.M.S.

As stated, it is well settled that this proceeding is a civil action. State v. Haney, supra; State v. Gross, 306 Mo. 1, 275 S.W. 769. It is in effect "a suit to enforce the surety's contract with the State, executed by the former when the recognizance was entered into. Possessing this characteristic, its determination must rest largely upon the principles of the law applicable to suits on contracts, rather than the laws in regard to criminal prosecutions." Gross v. Atchison and Gentry Counties, 320 Mo. 332, 8 S.W.2d 887, 890 (5); State v. Wynne, supra, 181 S.W.2d 781, 783. We are, therefore, here concerned with the validity of the recognizance at the time it was executed—when viewed in the light of the facts shown in plaintiff's petition for the writ of scire facias. The respondent in its petition to enforce the penalty of the recognizance pleaded facts which show on the face of the record that the filing of an information or indictment, or the further prosecution of the defendant Haverstick on the charges of second degree forgery, as set forth in the affidavit filed against said defendant, was barred by the applicable statute of limitations at and before the recognizance in question was executed. See State v. Bithorn, supra, 278 S.W. 685, 686; Knight v. Miles, supra; State v. Colvin, 284 Mo. 195, 223 S.W. 585, 586; Sec. 541.200 RSMo 1949, V.A.M.S. Further, the admitted facts before us on this appeal show that defendant Haverstick was illegally held, since his motion to dismiss had been denied, and a recogni-

zance required for his release. While such illegality did not appear of record in the Magistrate's Court of Bates County at the time the recognizance was executed and filed, the facts clearly appeared in the trial court upon the application for the scire facias to show cause why the judgment of forfeiture should not be made absolute. It appeared from the petition that no indictment or information had been filed within three years after the alleged offense charged in the affidavit was committed and that prosecution was barred by the statute of limitations when the recognizance was executed. Respondent was deprived of no legal right by the execution of the recognizance and there was no consideration for the execution thereof. Hunt v. Johnston, 23 Mo. 432.

On the admitted facts, we think the judgment should be reversed, the writ of scire facias be quashed and the surety discharged. See State v. Whitsell, 55 Mo. 430.

It is so ordered.

All concur.