STATE of Missouri, Plaintiff-Respondent,

v.

Charles Earl HAMMOND, Defendant,

and

Maryland National Insurance Company, Surety, Appellant.

No. 53098.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

---

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., J. Steve Weber, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from an order overruling a surety company's motion for a remittitur following entry of a judgment of forfeiture of defendant's appearance bond in a burglary and larceny prosecution.

Defendant Charles Earl Hammond posted the bond in magistrate court. Bound over to circuit court, defendant failed to make an appearance on the date set by the court, whereupon the court ordered forfeiture of the bond and that a scire facias issue to defendant and the surety. The scire facias

issued and was served on the attorney-in-fact for the surety company. A non est return was made as to defendant Hammond.

The surety filed a motion for remittitur of all or part of the bond "for the reason that said surety was unable to return said defendant to the jurisdiction of this Court, because he is incarcerated in another state." The motion was overruled; judgment was entered against the surety for $4,000 and the surety appealed.

Appellant's first point is that the court erred in entering judgment of forfeiture because no motion for judgment was filed and the procedure established by Criminal Rule 32.12 [1] was not followed.

Criminal Rule 32.12 provides as follows: "If there is a breach of condition of a bond, the court in which a criminal case or proceeding is then pending shall declare a forfeiture of the bail. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear under the condition thereof and in which a prosecution is or may be pending against the de fendant and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses."

The procedure followed did not constitute literal compliance with Criminal Rule 32.12. The irregularity, however, was technical and nonprejudicial. It is not

1. Rules of the Supreme Court of Missouri, V.A.M.R.

questioned that the court had jurisdiction over the subject matter and over the surety. It is indisputable that the surety had due notice and an opportunity to be heard and to show cause why "justice does not require the enforcement of the forfeiture." The surety did in fact make a showing upon the basis of which it prayed for remittitur. It showed that at the time of the setting of the case defendant was incarcerated in Oklahoma State Penitentiary at McAlester; that the surety had diligently attempted to obtain his return to this jurisdiction for trial—had done everything possible to produce him, including sending two detainer warrants to the Oklahoma authorities. The surety makes no showing or contention that it has been prejudiced by the procedure employed, contending simply that scire facias "was not the appropriate procedure for the enforcement of the bond forfeiture herein."

The irregularity of the proceedings has resulted in no actual prejudice to the appellant. If Criminal Rule 32.12 had been followed the court, after declaring the forfeiture, could have directed that the forfeiture be set aside if justice did not require enforcement of the forfeiture. If the forfeiture was not set aside the court, acting under the rule, could have entered judgment of default and issued execution, on motion. While no motion for judgment was filed, the office of the motion was fulfilled in the procedure followed and appellant was not prejudiced by its omission. Civil Rule 83.13 (b) and § 512.160 [2], RSMo 1959, V.A.M.S., provide that "No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, materially affecting the merits of the action." In state ex rel. Kansas City University of Physicians and Surgeons v. North, 316 Mo. 1050, 294 S.W. 1012, 1. c. 1014 [4], the Court en Banc said: "We do not feel constrained, in view of the facts in this case, to seriously consider the technical procedural errors complained of by the appellant. Error, to merit consideration,

should be such as to work injury to the complainant. The facts do not sustain such a contention." The office and purpose of the scire facias are to notify the sureties of the default of the principal "and afford them an opportunity to show cause why execution should not be awarded against them." State v. Austin, 141 Mo. 481, 43 S.W. 165, 167. No other or greater opportunity to be relieved from the burden of the recognizance would have been afforded the surety if the procedure under the rule had been followed to the letter. While Criminal Rule 32.12 should be followed the rule does not prohibit the instant procedure, indeed, does not prohibit an independent suit to enforce liability on a bond filed in a criminal case. State v. Haverstick, Mo. Sup., 326 S.W.2d 92, 95 [2], 75 A.L.R.2d 1422. The proceeding adopted in this case is not to be defeated and the judgment of forfeiture is not to be set aside for the irregularity noted. "In such a case it has been said that '[t]he court will look at the whole record, and if it appears that the recognizance was duly executed, and judgment of forfeiture entered, and the record be sufficient to support the judgment, the proceeding will be sustained, although there may be omissions and irregularities in the recognizance or scire facias. * * *.' State v. Adank, Mo.Sup., 256 S.W. 768; State v. Potts, 60 Mo. 368, 369; State v. Whitsell, 55 Mo. 430; Kelley's Criminal Law and Procedure, 4th Ed., Sec. 102." Idem. The Supreme Court of Florida, in a case in which an adoption had been decreed despite the fact that the proceedings were irregular, certain formalities prescribed by statute not having been followed, upheld the decree, asking and answering its own questions in the following language, which we adopt as entirely appropriate in this case: "But where is the harm or injury? Where is the harmful error? No one appears to have been injured by reason of these irregularities. Prescribed formulas of procedure are to provide a means to an end. When they relate to the means by which jurisdiction is to be acquired they are substantive and must be pursued with great

strictness, but when they relate to the exercise of jurisdiction which is otherwise complete, a breach thereof not shown to be harmful is taken to be harmless error." In re Johnson, 157 Fla. 25, 24 So.2d 711, 712.

■ Appellant's second point is that the court abused its discretion in overruling the surety's motion for remittitur because the surety exercised diligence and did everything it could possibly do to secure the appearance of the defendant, an impossibility because of his incarceration in the foreign penitentiary. Appellant refers to State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927, which recites the general rule that sureties are discharged as a matter of law when the return of the defendant is prevented by an act of God, an act of the law or an act of the obligee, the state where the criminal charge is pending. Appellant concedes that State v. Horn, 70 Mo. 466, 35 Am.Rep. 437, holds that the fact that a defendant was arrested, tried, convicted, sentenced and imprisoned in another state, and therefore was prevented from performing the conditions of the recognizance for his appearance, is no defense available to the surety in a scire facias proceeding on the recognizance. Judge Hyde stated the rule thus: "It is well settled that if the principal goes to another jurisdiction and is there imprisoned for violation of its laws, the sureties are not discharged. [6 Am.Jur. 103, Sec. 140; 8 C.J.S. Bail § 77, p. 149; Annotation 26 A.L.R. 412; State v. Horn, 70 Mo.: 466, 35 Am.Rep. 437; State v. Adank, Mo.Sup., 256 S.W. 768.] * * *" State v. Wynne, supra, 204 S.W.2d 1. c. 934. More recently the rule was applied in State v. Haverstick, Mo.Sup., 326 S.W.2d 92, 95, 75 A.L.R.2d 1422. Appellant contends that we should no longer follow these decisions because of new laws, practices, procedures, rapid means of transportation and communication and other changes, particularly in a case where a detainer is placed on defendant, whereby his appearance is "assured." We are not so persuaded. The considerations of public policy underlying those decisions are as cogent now as they were when the rule was first announced. Criminal Rule 32.12 neither affords nor suggests any new reason for excusing a surety under these circumstances. "Sureties know and solemnly contract that the defendant shall appear and abide the orders of the court and in the event of his default are bound by their obligation. Recognizances are not idle forms. If sureties, who have it in their power to insure compliance by a defendant, may be relieved because they make diligent effort for his arrest as a fugitive there exists little inducement for diligence on their part in the first instance to prevent his escape. To exonerate sureties for such reason would seriously impede the declared public policy of the State for the prevention and punishment of crime. It is more important that an accused be forthcoming for trial and of greater importance that he be forthcoming for sentence than that the expense of keeping him in prison be avoided." State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522, 1. c. 524.

Other reasons for denying relief to the surety are these: the performance of the contract has not been prevented by the act of the obligee, the State of Missouri, or the law of this state; the removal of the principal to Oklahoma and his falling into the toils of the law of that state are the result of defendant's own voluntary act; the surety is at fault for permitting him to go into another jurisdiction, instead of keeping him under its control, and "if the rule were otherwise, a person accused of a serious offense in one jurisdiction and released under heavy bail could secure the release of his bail by committing in another jurisdiction a minor offense for which he would be arrested and detained." 8 Am. Jur.2d, Bail and Recognizance, § 188, p. 886. We find no abuse of discretion in the act of the trial judge in denying the remittitur.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.